672 S.E.2d 142

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Brian Keith NOLL, Defendant Below, Appellant.**

**No. 33903.**

Supreme Court of Appeals of West Virginia.

Submitted: Oct. 8, 2008.

Decided: Dec. 3, 2008.

Christopher Quasebarth, Berkeley County Prosecuting Attorney's Office, Martinsburg, for Appellee.

Christopher Prezioso, Esq., Luttrell & Prezioso, Berkeley Springs, for Appellant.

PER CURIAM.[1]

The appellant, Brian Keith Noll, was indicted and convicted in Berkeley County of burglary, grand larceny, and conspiracy. The appellant claims that the State violated the circuit court's pre-trial evidentiary ruling, that the State committed acts of prosecutorial misconduct, that there was insufficient evidence to support the verdict, that the appellant was incorrectly sentenced, that the circuit court erroneously allowed amendment to the indictment, and that circuit court errors were of such cumulative effect as to justify reversal.

For the reasons stated, *infra*, we affirm, in part, reverse, in part, and remand.

I

The appellant was indicted by a Berkeley County grand jury in Case No. 04–F–181 for multiple property crimes that occurred in April and May of 2004. The charges involved five separate residences.

Prior to trial on these charges the State filed a "NOTICE OF INTENT TO USE 404B" evidence and a "MOTION TO SEVER" Counts Eight and Nine of the indictment. After conducting a hearing on the notice and motions, the circuit court ruled that the State could use a statement that the appellant made to the police denying the burglaries, and further that the State could use evidence of a necklace which was worn by the appellant at the time of his arrest and initial incarceration. The circuit court ruled that "... there shall be no admission as to the fact that this necklace was later determined to have come from [an earlier] Morgan County burglary." The circuit court also granted the motion to sever Counts Eight and Nine. Some months following the trial of the remaining counts—the instant case—a jury trial was held on Counts Eight and Nine, resulting in "not guilty" verdicts on both.

The jury trial on the remaining counts and the subject of the instant appeal was commenced on February 8, 2005. On the following day the jury returned a verdict of "Guilty of Burglary" as charged in Count Three; "Guilty of Grand Larceny" as charged in Count Four; "Guilty of Burglary" as charged in Count Five; "Guilty of Conspiracy" as charged in Count Six; and "Guilty of Grand Larceny" as charged in Count Seven. The jury found the appellant not guilty on the remaining counts in the indictment being tried.

After the trial, in an unrelated case, No. 04–F–13, the appellant pled "No Contest" to and was convicted of two misdemeanor counts of receiving and/or transferring stolen property. The conviction was predicated upon a binding agreement that any sentences

1. Pursuant to an administrative order entered on September 11, 2008, the Honorable Thomas E. McHugh, Senior Status Justice, was assigned to sit as a member of the Supreme Court of Appeals of West Virginia commencing September 12, 2008 and continuing until the Chief Justice determines that assistance is no longer necessary, in light of the illness of Justice Joseph P. Albright.

to be imposed would run concurrent with the sentences imposed in Case No. 04–F–181.

In Case No. 04–F–181 the appellant was sentenced on Count Three, nighttime burglary, for not less than one nor more than fifteen years; on Count Four, grand larceny, for not less than one nor more than ten years; on Count Five, daytime "burglary," for not less than one nor more than fifteen years; on Count Six, conspiracy to commit burglary, for not less than one nor more than five years; and on Count Seven, grand larceny, for not less than one nor more than ten years. The circuit court ordered the sentences on Counts Three and Four to run concurrently; on Counts Five and Seven to run concurrently, and the concurrent sentences to run consecutively with each other and with the sentence on Count Six. The circuit court further ordered that the appellant be sentenced to one year each on the two misdemeanor charges in Case No. 04–F–13—the sentences were ordered to run concurrent with each other and concurrent with the sentences imposed in Case No. 04–F–181. The effective sentence was, therefore, not less than three nor more than thirty-five years, plus restitution. The appellant was twice re-sentenced for appeal purposes, and the last sentencing order was executed on April 4, 2007. It is from this final re-sentencing order that the appellant appeals.

For the reason stated *infra,* we affirm, in part, reverse, in part, and remand.

## II.

■ In Syllabus Point 4 of *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996) this Court held:

This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*

With this standard of review we consider the appellant's appeal.

In his first assignment of error relating to Rule 404(b) of the *West Virginia Rules of Evidence,* the appellant argues that the State violated the circuit court's pre-trial order by eliciting testimony of witnesses and making comments to the jury in opening and closing arguments that the necklace worn by the appellant at the time of his arrest and incarceration was obtained by stealing in connection with a burglary. The State argued that it did not violate the court's Rule 404(b) order, by either eliciting testimony or making argument ". . . that the necklace was later determined to have come from a Morgan County burglary." The State further argued that the appellant failed to properly preserve this issue for appeal by failing to object at trial and by failing to file a notice of intent to appeal as to this issue.

■ In Syllabus Points 2 and 3 of *State v. Salmons,* 203 W.Va. 561, 509 S.E.2d 842 (1998), this Court held:

2. As a general matter, a defendant may not assign as error, for the first time on direct appeal, an issue that could have been presented initially for review by the trial court on a post-trial motion.

3. When a defendant assigns an error in a criminal case for the first time on direct appeal, the state does not object to the assignment of error and actually briefs the matter, and the record is adequately developed on the issue, this Court may, in its discretion, review the merits of the assignment of error.

Inasmuch as the appellant failed to object at trial and failed to file a notice of intent to appeal assigning this issue as error as required by Rule 3(b) of the *West Virginia Rules of Appellate Procedure,*[2] and in view of the State's specific objection, we consider the appellant's first assignment of error not properly before this Court and, therefore, without merit.

---

2.  Rule 3(b) of the *W.Va. Rules of Appellate Procedure* states:

(b) *Notice for criminal appeal.* No petition from a criminal case shall be presented unless a notice of intent to appeal shall have been filed with the clerk of the court in which the judgment or order was entered within thirty days from the entry of such judgment or order. The notice of intent to appeal shall concisely state the grounds for appeal.

■ In the second assignment of error the appellant claims, in part, that the State committed error by questioning a witness regarding the appellant's right to remain silent. At trial, the State's witness, Trooper Bean, was asked by the appellant's counsel on cross-examination: "Okay. Now, when you questioned Mr. Noll about his involvement in this he emphatically denied involvement, correct?" Trooper Bean responded, "Yes." The State then followed on re-direct with: "Trooper Bean, specifically when you go to interview an individual, as you did with Mr. Noll, are they always forthcoming with information?" Trooper Bean responded: "No, ma'am." On re-cross examination the appellant's attorney returned to the subject and asked: "Brian [Trooper Bean], you asked him if he did it and he said no so that is not forthcoming with information in your opinion is that what you are saying?" Trooper Bean responded: "In this case, yes, because we had some relative details of the case." This testimony was used again in the State's closing argument. No objection to the State's question or the argument was made at trial.

As in the appellant's first assignment of error, the State also objects to the appellant raising this issue for the first time on appeal. *See* Syllabus Point 3 of *Salmons, supra.* From our review of the record we find that the appellant did not object to the introduction of the appellant's statement denying involvement in the offenses charged. Furthermore, the appellant, by counsel, questioned Trooper Bean about the West's Ann.W.Va. Code, denial on cross examination, and did not object to the State's response on re-direct examination. Defense counsel also

continued with questioning about appellant's denial of involvement on re-cross-examination.

Therefore, since the appellant failed to object at trial, and failed to file a notice of intent to appeal assigning this issue as error as required by Rule 3(b) of the *West Virginia Rules of Appellate Procedure,* and in view of the State's specific objection on appeal, we consider this second assignment of error to not be properly before this Court and, therefore, without merit.

■ The appellant also argues that his sentence with respect to Count Five is incorrect because the indictment charged the appellant with daytime entering without breaking a dwelling house, but the evidence presented at the trial was that the entry into the dwelling house was by *breaking and entering.* Furthermore, the judge instructed the jury on daytime burglary by breaking and entering.[3] On the verdict form, the jury found the appellant "Guilty of Burglary"—a result inconsistent with the language in the indictment.

The statutory sentence for daytime entering without breaking—as the indictment language charged—is one to ten years. The sentence for daytime breaking and entering of a dwelling house ("burglary") is one to fifteen years. Upon conviction of "burglary," appellant was sentenced to not less than one nor more than fifteen years under *W.Va. Code,* 61–3–11(a) [1993]. No formal amendment to the indictment was ever made. The appellant argues that the circuit court allowed an impermissible actual or constructive amendment to Count Five "by the proof at

---

3. In its instructions the circuit court stated, in part,

> The offense charged in Counts ... 5[Five] ... is Burglary. One of two verdicts may be rendered by you under each of these counts of the indictment, they are, one, guilty of burglary; or two, not guilty.
> Burglary is committed when any person breaks and enters, or enters without breaking either in the daytime or nighttime a dwelling house or outhouse adjoining thereto, or occupied therewith of another person with intent to commit a crime therein.

>    .    .    .    .    .

> Before the Defendant Brian Noll can be convicted of burglary in any of these counts, the

State of West Virginia must overcome the presumption that the Defendant, Brian Noll is innocent and prove to the satisfaction of the jury beyond a reasonable doubt that:
1. The Defendant, Brian Noll,
...
4. did break and enter, in the daytime,
...

Later in its instructions the circuit court repeated the definition of burglary as stated above.

the trial and by the instructions given to the petit jury."

A seminal case discussing amendments to indictments is *State v. Adams,* 193 W.Va. 277, 456 S.E.2d 4 (1995) in which this Court in Syllabus Point 1 held:

A defendant has a right under the Grand Jury Clause of Section 4 of Article III of the West Virginia Constitution to be tried only on felony offenses for which a grand jury has returned an indictment.

In Syllabus Point 2, in part, and Syllabus Point 3 of *Adams,* this Court further elaborated upon what amendments may or may not be made to indictments by circuit courts:

2. . . . An indictment may be amended by the circuit court, provided the amendment is not substantial, is sufficiently definite and certain, does not take the defendant by surprise, and any evidence the defendant had before the amendment is equally available after the amendment.

3. Any substantial amendment, direct or indirect, of an indictment must be resubmitted to the grand jury. An "amendment of form" which does not require resubmission of an indictment to the grand jury occurs when the defendant is not misled in any sense, is not subject to any added burden of proof, and is not otherwise prejudiced.

In the instant case the appellant was charged in Count Five of the indictment as follows:

### COUNT FIVE

And that BRIAN NOLL on or about the ____ day of May 2004 in the said County of Berkley and State of West Virginia did then and there unlawfully, knowingly, intentionally, and feloniously *enter without breaking, in the daytime, the dwelling house* of Trilby Land with then intent to

commit a crime therein, to-wit: grand larceny in violation of Chapter 61, Article 3, Section 11(a) of the Code of West Virginia, as amended, against the peace and dignity of the State.

(Emphasis added.)

The statutory language of *W.Va.Code,* 61–3–11(a), the *Code* provision cited in Count Five of the indictment, specifically refers to *nighttime* burglary or *daytime burglary* where there is a *breaking and entering;* whereas, the statutory law applicable to the indictment language of *enter without breaking in the daytime* is found in *W.Va.Code,* 61–3–11(b).[4] Subparagraph (b) provides that:

b) If any person shall, in the daytime, *enter without breaking a dwelling house,* or an outhouse adjoining thereto or occupied therewith, of another, with intent to commit a crime therein, he shall be deemed guilty of a felony, and, upon conviction, shall be confined in the penitentiary *not less than one nor more than ten years.*

(Emphasis added.)

It appears that the circuit court inadvertently instructed the jury as to the elements of daytime burglary (which includes *break and enter* ), as opposed to the charging language in Count Five which is found in *W.Va. Code,* 61–3–11(b). The effect of the evidence and subsequent instruction was, in essence, to indirectly or constructively amend the indictment to the elevated offense of daytime burglary under *W.Va.Code,* 61–3–11(a), which calls for a greater sentence than Section 11(b). By subjecting the appellant to a sentence greater than that which would be permitted under the *language* in the indictment, the action of the circuit court prejudiced the appellant in the sentencing phase of his trial.

Applying *Syllabus Point 3 of Adams, supra,* we find that the amendment

---

**4.** We observe that the indictment incorrectly recites *W.Va.Code,* 61–3–11(a) as the applicable *W.Va.Code* section. From our examination of the record we believe that the defendant has not been prejudiced in his conviction of a crime by the fact that the *Code* citation is incorrect. *See* Syllabus Point 2 of *State ex rel. Forbes v.*

*McGraw,* 183 W.Va. 144, 394 S.E.2d 743 (1990), where this Court held:

2. When a criminal defendant has not been prejudiced by an error in a citation of the statute with which he is charged, the error is harmless and shall not be ground for dismissal of the complaint.

was *substantial* because of the prejudicial effect on the appellant's term of incarceration, thus requiring reversal as to Count Five of the indictment.

We believe that the concept of lesser included offenses has application to a determination as to whether or not the variance between the indictment and proof at trial will justify not only reversal of the conviction, but also permit the molding of the verdict to conform with the language of Count Five under *W.Va.Code*, 61–3–11(b). In this regard we find the discussion in a case from the State of New Jersey instructive. In *State v. Lopez*, 378 N.J.Super. 521, 537, 876 A.2d 795, 805–6 (2005) (reversed on other grounds.) the New Jersey court stated:

> "A trial court may mold a verdict by entering a judgment of conviction for a lesser included offense or where the jury verdict necessarily constitutes a finding that all the elements of the lesser included offense have been established and where no prejudice to the defendant results." *State v. Viera*, 346 N.J.Super. 198, 217, 787 A.2d 256 (App.Div.2001), *certif. denied*, 174 N.J. 38, 803 A.2d 634 (2002) quoting *State v. Greenberg*, 154 N.J.Super. 564, 567–68, 382 A.2d 58 (1977) *certif. denied*, 75 N.J. 612, 384 A.2d 842 (1978). "Thus, [a] guilty verdict may be molded to convict on a lesser included offense even if the jury was not instructed on that offense if '(1) defendant has been given his day in court, (2) all the elements of the lesser included offense are contained in a more serious offense, and (3) defendant's guilt of the lesser included offense is implicit in, and part of, the jury verdict." ' *Ibid.* quoting *State v. Farrad*, 164 N.J. 247, 266, 753 A.2d 648 (2000).

■ In discussing lesser included offenses, this Court in Syllabus Point 1 of *State v. Louk*, 169 W.Va. 24, 285 S.E.2d 432 (1981) (overruled on other grounds) held:

> The test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. An offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense.

■ Furthermore, this Court in a case involving *W.Va.Code*, 61–3–12 [2008] stated "The offense of entering without breaking, while distinct from breaking and entering, is merely a lesser included offense." (Citations omitted.) *State v. Zacks*, 204 W.Va. 504, 513, 513 S.E.2d 911, 920 (1998). Similarly, we believe that daytime entering without breaking a dwelling house under *W.Va.Code*, 61–3–11(b) does not require the inclusion of an element not required in the greater offense of daytime burglary by breaking and entering. Accordingly, we find that daytime entering without breaking a dwelling house under *W.Va.Code*, 61–3–11(b) is a lesser included offense of daytime burglary by breaking and entering under *W.Va.Code*, 61–3–11(a)—the only difference between the two offenses is the manner of entry into the dwelling house.

■ We believe in the instant case that, at trial, the appellant was not misled in any sense and was not subjected to any added burden of proof. Furthermore, the appellant was not prejudiced except as to the imposition of an incorrect sentence. Therefore, the difference between the proof adduced at trial and the indictment is a variance which does not usurp the traditional safeguards of the grand jury once the sentence has been corrected. The petit jury, though improperly instructed as to Count Five, nevertheless found the appellant guilty beyond a reasonable doubt of daytime breaking and entering a dwelling house—entering without breaking being a lesser included offense. Had the jury been instructed under *W.Va.Code*, 61–3–11(b) as opposed to *W.Va.Code*, 61–3–11(a), we believe the result as to "guilt" would have been the same.

Under *W.Va.Code*, 61–3–11(b) the proper sentence for daytime entering without breaking a dwelling house is not less than one nor more than ten years. While the record reflects that appellant never specifically objected to the sentence and never filed a motion with the circuit court to correct the sentence, the State nevertheless concedes the sentencing error in its brief. Furthermore, the er-

**14**

ror in sentencing meets all of the requirements of our own plain error doctrine.[5] First, the sentencing was an error. Second, the error was plain. Third, the sentencing error affected the appellant's substantial rights—subjecting him to a penalty of incarceration five years longer than provided under *W.Va.Code*, 61–3–11(b). Finally, the error seriously affected the fairness, integrity, and public reputation of the proceedings.

Based on the foregoing we conclude that the appellant's conviction for burglary under Count Five should be reversed and that case should be remanded to the circuit court with instructions to mold the verdict to conform with *W.Va.Code*, 61–3–11(b), and that the appellant should be re-sentenced accordingly.

Finally, from our examination of the record we find no merit in any remaining assignments of error.

## III.

In conclusion, we hold that the appellant waived any claim to error with respect to Rule 404(b) evidence and to claims of prosecutorial misconduct. We further hold that the appellant's conviction for burglary under Count Five should be reversed and that this case should be remanded for the circuit court to mold the verdict to conform with *W.Va. Code*, 61–3–11(b).

Affirmed, in part, Reversed, in part, and Remanded.

Justice ALBRIGHT not participating.

Senior Status Justice McHUGH, sitting by temporary assignment.

---

**5.** *See* Syllabus Point 7 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995):
To trigger application of the "plain error" doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings.