IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2013 Term

No. 11-1123

FILED

February 21, 2013

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

JAMES WILKERSON,
Defendant Below, Petitioner

Appeal from the Circuit Court of Ohio County
Honorable Arthur M. Recht, Judge
Criminal Action No. 09-F-10

AFFIRMED

Submitted: January 15, 2013
Filed: February 21, 2013

Peter P. Kurelac, III, Esq.
Kurelac Law Offices, PLLC
Moundsville, West Virginia
Attorney for Petitioner

Patrick Morrisey, Esq.
Attorney General
Benjamin F. Yancey, III, Esq.
Assistant Attorney General
Charleston, West Virginia
Attorneys for Respondent

JUSTICE LOUGHRY delivered the Opinion of the Court.

CHIEF JUSTICE BENJAMIN concurs and reserves the right to file a concurring opinion.

SYLLABUS BY THE COURT

1.      "'As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*.' Syl. pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996)." Syl. Pt. 1, *State v. Shingleton*, 222 W.Va. 647, 671 S.E.2d 478 (2008).

2.      "'A trial court's refusal to give a requested instruction is reversible only if: (1) the instruction is a correct statement of the law; (2) it is not substantially covered in the charge actually given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs a defendant's ability to effectively present a given defense.' Syllabus point 11, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994)." Syl. Pt. 3, *State v. Blankenship*, 208 W.Va. 612, 542 S.E.2d 433 (2000).

3.      "The question of whether a defendant is entitled to an instruction on a lesser included offense involves a two-part inquiry. The first inquiry is a legal one having to do with whether the lesser offense is by virtue of its legal elements or definition included in the greater offense. The second inquiry is a factual one which involves a determination by the trial court of whether there is evidence which would tend to prove such lesser included

i

offense. *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982)." Syl. Pt. 1, *State v. Jones*, 174 W.Va. 700, 329 S.E.2d 65 (1985).

4.     "The test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. An offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense." Syl. Pt. 1, *State v. Louk*, 169 W.Va. 24, 285 S.E.2d 432 (1981), *overruled on other grounds by State v. Jenkins*, 191 W.Va. 87, 443 S.E.2d 244 (1994).

5.     "Before a lesser offense can be said to contribute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. If an element necessary to establish the corpus delicti of the lesser offense is irrelevant to the proof of the greater offense, the lesser cannot be held to be a necessarily included offense." Syl. Pt. 5, *State v. Vance*, 168 W.Va. 666, 285 S.E.2d 437 (1981).

6.     Battery as defined by West Virginia Code § 61-2-9(c) (2010) is not a lesser included offense of robbery in the first degree.

7. Misdemeanor assault as defined by West Virginia Code § 61-2-9(b) (2010) is not a lesser included offense of robbery in the first degree.

LOUGHRY, Justice:

The petitioner and defendant below, James Wilkerson (hereinafter "petitioner"), appeals the July 6, 2011, order of the Circuit Court of Ohio County sentencing him to a total of eighty years in the West Virginia Penitentiary for his conviction of two counts of robbery in the first degree.[1] The petitioner was also sentenced to a term of not less than two nor more than ten years for his conviction of assault during the commission of a felony and sentenced to a term of not less than one nor more than five years for his conviction of conspiracy to commit the felony offense of robbery in the first degree. These latter two sentences were ordered to be served concurrent to each other and concurrent to the eighty-year sentence. In this appeal, the petitioner contends that the circuit court committed reversible error by refusing to give the jury an instruction for misdemeanor assault and/or an instruction for battery as lesser included offense(s) to the charge of robbery in the first degree. Upon consideration of the parties' briefs and oral arguments and the submitted record, the final order of the circuit court is affirmed.

---

[1]The court imposed a forty-year determinate term for each count of robbery in the first degree and ordered that the sentences be served consecutively.

1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The petitioner's convictions arise out of events that occurred on the evening of November 14, 2008, at a public playground in Wheeling, West Virginia.  At the petitioner's trial, conflicting testimony was given regarding what actually occurred on that night.  According to the petitioner, he and his codefendant, Brandon Myers (hereinafter "codefendant"),[2] went to the parking lot of a beauty salon located across the street from a public playground for the purpose of skateboarding. While the petitioner and codefendant were skateboarding with a couple of other individuals, the two victims, Stephen Surgent and David Wood (hereinafter referred to individually as "Stephen" and "David" or jointly as "the victims"), were walking down the street.  The victims were walking toward David's house located nearby after going to a convenience store.  The victims testified that as they came down the street, they observed a group of people in the parking lot of the salon.  The people were rowdy and appeared to be intoxicated so they crossed the street to avoid them and began walking through the playground.

According to the petitioner, the codefendant saw the victims and asked the petitioner to follow him to the playground.  The petitioner testified that the codefendant did not give him a reason for going to the playground.  According to the victims, as they entered the playground, the petitioner and codefendant confronted them.  The codefendant asked

[2]The petitioner and codefendant were tried separately.  *See* note 3, *infra.*

2

Steven, "Where's the weed at?" Both victims replied that they did not have any weed. The codefendant testified at the petitioner's trial that he believed that one of his friends had "fronted" Stephen marijuana and Stephen had never paid for it. After the victims indicated that they did not have any weed, Stephen testified that the codefendant then asked, "Where's the money?" He replied that they did not have any money. The codefendant testified that he became angry after the victims said that they did not have any weed and that he punched Stephen and then hit him several more times. Stephen testified that the petitioner actually hit David first and then the codefendant began punching him. David testified that he was hit multiple times. The codefendant admitted that he hit David once. The codefendant further testified that he did not intend to rob either of the alleged victims, but to collect a debt that was owed. The codefendant maintained during his testimony that the petitioner did not hit either victim.[3] The State, however, presented testimony from three eyewitnesses, other than the victims, who stated that both the petitioner and codefendant attacked and hit the victims.

Stephen testified that he gave his wallet to the codefendant and that the codefendant continued to kick him and demand money. David offered his cell phone to the

---

[3]The codefendant was tried separately in 2009. Prior to the conclusion of his trial, he made a plea agreement with the State and pled guilty to two counts of second degree robbery. In exchange, the State dropped the remaining charges in the indictment. Subsequently, the codefendant was sentenced to two consecutive terms of five to eighteen years in the penitentiary. Thus, the codefendant was already serving his prison sentence when he testified at the petitioner's trial.

petitioner and codefendant during the attack. Stephen said that the codefendant then asked how old he was and when he said he was thirteen, the attack stopped.[4] The petitioner and codefendant left the victims on the ground, retrieved their skateboards and ran back to their residence,[5] which was approximately two blocks away. During the police investigation that followed, a cell phone and wallet containing money were found on the ground in the park where the offenses occurred.

Both victims were beaten unconscious and suffered significant injuries. Stephen testified that he woke up on the ground and David was still unconscious. He went to David's house for help and David's mother called the police. Eventually, David made it back to his house as well. The victims then went to the hospital. Stephen had a severely broken nose that required plastic/reconstructive surgery. David suffered a concussion and required stitches in his mouth making it difficult for him to eat for a period of time. Both victims testified that they continue to be affected emotionally by the attack.

---

[4]When the events at issue occurred, Stephen and David were thirteen years old. The petitioner was twenty and the codefendant was eighteen.

[5]The petitioner and codefendant were roommates.

4

On January 12, 2009, the petitioner was indicted on two counts of robbery in the first degree,[6] two counts of assault during the commission of a felony and one count of conspiracy to commit first degree robbery. The codefendant was indicted on these same charges. The petitioner's trial began on April 18, 2011, and ended on April 19, 2011. As noted above, the jury convicted him of two counts of first degree robbery, one count of assault during the commission of a felony, and one count of conspiracy to commit first degree robbery. The petitioner was acquitted of one count of assault during the commission of a felony. Following his sentencing, the petitioner filed this appeal.

## II. STANDARD OF REVIEW

"'As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*.' Syl. pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996)." Syl. Pt. 1, *State v. Shingleton*, 222 W.Va. 647, 671 S.E.2d 478 (2008). This Court has also held:

> "A trial court's refusal to give a requested instruction is reversible only if: (1) the instruction is a correct statement of the law; (2) it is not substantially covered in the charge actually given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs a defendant's

---

[6]Pursuant to West Virginia Code § 61-2-12(a) (2010), as set forth *infra,* the penalty for robbery in the first degree or the attempt thereof is the same.

ability to effectively present a given defense." Syllabus point 11, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994).

Syl. Pt. 3, *State v. Blankenship*, 208 W.Va. 612, 542 S.E.2d 433 (2000). With these standards in mind, the parties' arguments will be considered.

## III. DISCUSSION

The petitioner's sole assignment of error in this case is the trial court's refusal to instruct the members of the jury that they could find him guilty of misdemeanor assault and/or battery as lesser included offense(s) of robbery in the first degree. Pursuant to syllabus point one of *State v. Jones*, 174 W.Va. 700, 329 S.E.2d 65 (1985),

> The question of whether a defendant is entitled to an instruction on a lesser included offense involves a two-part inquiry. The first inquiry is a legal one having to do with whether the lesser offense is by virtue of its legal elements or definition included in the greater offense. The second inquiry is a factual one which involves a determination by the trial court of whether there is evidence which would tend to prove such lesser included offense. *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982).

With regard to the first inquiry, this Court has held:

> The test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. An offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense.

6

Syl. Pt. 1, *State v. Louk*, 169 W.Va. 24, 285 S.E.2d 432 (1981), *overruled on other grounds by State v. Jenkins*, 191 W.Va. 87, 443 S.E.2d 244 (1994). In other words,

> [b]efore a lesser offense can be said to contribute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. If an element necessary to establish the corpus delicti of the lesser offense is irrelevant to the proof of the greater offense, the lesser cannot be held to be a necessarily included offense.

Syl. Pt. 5, *State v. Vance*, 168 W.Va. 666, 285 S.E.2d 437 (1981). As for the second inquiry required by syllabus point one of *Jones,* this Court has held that "[w]here there is no evidentiary dispute or insufficiency on the elements of the greater offense which are different from the elements of the lesser included offense, then the defendant is not entitled to a lesser included offense instruction." Syl. Pt. 2, *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982).

In this case, the petitioner first contends that assault and/or battery are lesser included offense(s) of robbery in the first degree. More specifically, the petitioner argues that battery is a lesser included offense of first degree robbery where there is some kind of actual force used in the alleged crime.[7] The petitioner points out that the use of violence

---

[7]In his brief, the petitioner focuses primarily upon the trial court's failure to give the jury a battery instruction. During oral argument, he asserted that an assault instruction was warranted as well. The submitted record shows that the petitioner did present separate battery and assault instructions to the trial court.

against a person is one of the elements of robbery, and he contends that it is the same kind of violence that can be used to commit a battery. Noting that there are no West Virginia cases addressing this issue, the petitioner urges this Court to follow other jurisdictions that have reached the conclusion that battery is a lesser included offense of robbery where there is some kind of actual force used in the alleged crime. In particular, the petitioner relies upon *State v. Hill*. 825 P.2d 1141 (Kan. Ct. App. 1991) and *State v. Clardy*, 847 P.2d 694 (Kan. 1993), cases in which it was determined that the evidence was sufficient to establish the offense of battery, and therefore, a jury instruction on battery as a lesser included offense of robbery was required. In both cases, the Kansas courts indicated that a lesser included instruction was required[8] because the factual allegations in the charging document constituted an allegation of a lesser crime and evidence of such offenses was adduced at trial. *Hill*, 825 P.2d at 1142; *Clardy*, 847 P.2d at 696. In other words, the facts proven at trial were considered to determine whether a lesser included instruction was proper.[9]

Upon review, we decline to adopt the approach advanced by the petitioner and utilized by a minority of jurisdictions whereby each case is considered individually to

---

[8]*See* note 11, *infra*.

[9]The State chose not to address this issue in its brief. Acknowledging the split of authority with regard to whether assault and/or battery are lesser included offenses of first degree robbery, the State focused on the second inquiry under syllabus point one of *Jones,* asserting that given the violent nature of the petitioner's actions toward the victims, a lesser included instruction on assault and/or battery was simply not warranted.

determine whether the evidence adduced at trial supports a lesser included instruction.[10] This Court has always applied the strict elements test as set forth in syllabus point one of *Louk* to determine whether a lesser included instruction is warranted. *See State v. Noll*, 223 W.Va. 6, 672 S.E.2d 142 (2008) (finding that daytime entering without breaking a dwelling house under West Virginia.Code § 61-3-11(b) does not require inclusion of element not required in greater offense of daytime burglary by breaking and entering under West Virginia Code § 61-3-11(a) and therefore is lesser included offense); *State v. Wade*, 200 W.Va. 637, 490 S.E.2d 724 (1997) (finding that second degree murder and voluntary manslaughter are not lesser included offenses of felony-murder because each require element that is not necessary for conviction of felony murder); *State v. Bradford*, 199 W.Va. 338, 484 S.E.2d 221 (1997) (concluding that offense of accessory after the fact cannot be lesser included offense of murder because to be accessory after the fact one must prove that accused was not present when crime was committed which is not element of murder); *State v. Hays*, 185 W.Va. 664, 408 S.E.2d 614 (1991) (applying *Louk* test and concluding that West Virginia Code § 61-3-39a proscribing issuing a worthless check in order to satisfy preexisting debt is not lesser include offense of issuing worthless check to obtain property or thing of value as proscribed by West Virginia Code § 61-3-39); *State v. Horton*, 170 W.Va. 395, 294 S.E.2d 248 (1982) (stating that under *Louk,* unauthorized entry upon lands is not a lesser included offense of

---

[10]The petitioner also cited *McFarland v. State*, 384 N.E.2d 1104 (Ind. Ct. App. 1979). We also find this case unpersuasive.

9

crime of breaking and entering). There is simply no basis for this Court to adopt the fact-driven and case-specific test suggested by the petitioner to determine whether an instruction on a lesser included offense should be given.[11]

We now turn to the offenses at issue in the instant case and apply our strict elements test to determine whether misdemeanor assault and/or battery are lesser included offenses of robbery in the first degree. West Virginia.Code § 61-2-12(a) (2010) provides, in pertinent part:

> Any person who commits or attempts to commit robbery by: (1) Committing violence to the person, including, but not limited to, partial strangulation or suffocation or by striking or beating; or (2) uses the threat of deadly force by the presenting of a firearm or other deadly weapon, is guilty of robbery in the first degree and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than ten years.

It has been recognized that this statute does not actually define robbery. *State v. Harless*, 168 W.Va. 707, 710, 285 S.E.2d 461, 464 (1981)*; State ex rel. Vandal v. Adams*, 145 W.Va. 566, 569, 115 S.E.2d 489, 490 (1960). Rather, "the elements of robbery, unaffected by the statute, are derived from the common law[.]" *State v. England*, 180 W.Va. 342, 347, 376

---

[11]We note that Kansas has now adopted the strict elements test. *See State v. McKissack*, 156 P.3d 1249, 1254 (Kan. 2007) (explaining that pursuant to a 1998 amendment, K.S.A.2006 Supp. 21-3107(1),(2) now requires use of strict elements test to determine whether defendant may be convicted of either crime charged or lesser included offense).

S.E.2d 548, 553 (1988). Those elements were summarized in syllabus point one of *Harless*, which states:

> At common law, the definition of robbery was (1) the unlawful taking and carrying away, (2) of money or goods, (3) from the person of another or in his presence, (4) by force or putting him in fear, (5) with intent to steal the money or goods.

168 W.Va. 707, 285 S.E.2d 462.

With respect to the offense of misdemeanor assault, West Virginia Code § 61-2-9(b) (2010) provides:

> *Assault.*– If any person unlawfully attempts to commit a violent injury to the person of another or unlawfully commits an act which places another in reasonable apprehension of immediately receiving a violent injury, he shall be guilty of a misdemeanor and, upon conviction, shall be confined in jail for not more than six months, or fined not more than one hundred dollars, or both such fine and imprisonment.

Battery is defined in West Virginia Code § 61-2-9(c) as follows:

> *Battery.*–If any person unlawfully and intentionally makes physical contact of an insulting or provoking nature with the person of another or unlawfully and intentionally causes physical harm to another person, he shall be guilty of a misdemeanor and, upon conviction, shall be confined in jail for not more than twelve months, or fined not more than five hundred dollars, or both such fine and imprisonment.

Based on the above, in order for a person to be convicted of battery, there must be physical contact with the victim. In other words, an element of battery is actual harm or

11

physical contact.  As set forth above, the elements of robbery include "by force *or* putting

him in fear."  *Harless,* 168 W.Va. at 707, 285 S.E.2d at 462, syl. pt. 1, in part (emphasis

added).  The use of the word "or" indicates an alternative choice.[12]  Thus, a person can

commit the offense of robbery in the first degree without ever touching the victim.  Robbery

can be perpetrated by simply threatening the use of force.   In addition, an element of battery

is the intent to cause physical harm to another person.  The intent to injure, however, is not

an element of robbery.  Rather, robbery requires the specific intent to steal money or goods.

As such, there are elements necessary to prove battery that are irrelevant to the proof of

robbery in the first degree.  Therefore, the *Louk* test is not satisfied.  Accordingly, we now

hold that battery as defined by West Virginia Code § 61-2-9(c) is not a lesser included

offense of robbery in the first degree.[13]


Likewise, misdemeanor assault is not a lesser included offense of robbery in

the first degree.  As it is possible to commit robbery in the first degree without force, it is also

possible to commit robbery in the first degree without placing  a person in fear of injury.  For

---

[12]*See State ex rel. Dewey Portland Cement Co.  v. O'Brien*, 142 W.Va. 451, 464, 96 S.E.2d 171, 178 (1956) (use of disjunctive particle "or" denotes alternative choice); *State v. Carter*, 168 W.Va. 90, 92, 282 S.E.2d 277, 279 (1981) (use of word "or" indicates various alternative ways).

[13]Other jurisdictions applying the strict elements test have also concluded that battery is not a lesser included offense of robbery.  *See Commonwealth v. Stewart*, 957 N.E.2d 712 (Mass. 2011) (assault and battery by dangerous weapon not lesser included offense of armed robbery);  *Clark v. State*, 282 S.W.3d 801 (Ark. 2008) (battery not lesser included offense of robbery); *Waibel v. State*, 808 N.E.2d 750 (Ind. Ct. App. 2004) (same).

12

example, in the instance where the victim's back is turned and force is used against him or her unknowingly, robbery in the first degree is accomplished without the victim perceiving the threat of force. Moreover, assault requires the intent to place a person in fear of harm. As discussed, such an intent is not required for robbery in the first degree. Therefore, we now hold that misdemeanor assault as defined by W.Va. Code § 61-2-9(b) is not a lesser included offense of robbery in the first degree.[14]

Having found that misdemeanor assault and battery are not lesser included offenses of first degree robbery, it is not necessary to proceed to the second inquiry under syllabus point one of *Jones.* The circuit court did not commit error in refusing to give the petitioner's requested instructions for assault and battery.

## IV. CONCLUSION

For the reasons set forth above, the final order of the Circuit Court of Ohio County entered on July 6, 2011, is affirmed.

Affirmed.

---

[14]This Court has previously held that malicious or unlawful assault as defined by West Virginia Code § 61-2-9(a) is not a lesser included offense of robbery. *State v. Vance*, 168 W.Va. 666, 285 S.E.2d 437 (1981).

13