# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-0277** (Jefferson County 12-F-101)

**Merle Stanley Johnson,**
**Defendant Below, Petitioner**

**FILED**

November 21, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Merle Stanley Johnson, by counsel Robert C. Stone Jr., appeals the February 6, 2014, order denying his post-trial motions following his convictions for the felony offense of driving under the influence causing the death of another and the misdemeanor offenses of negligent homicide, failure to maintain control of a vehicle, and failure to drive on the right side of the roadway. Respondent the State of West Virginia, by counsel Brandon C.H. Sims and Hassan S. Rasheed, filed a response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 22, 2012, petitioner was involved in a two vehicle accident in Jefferson County shortly after 7:00 p.m. Apart from the drivers of the vehicles, there were no other witnesses to the accident. According to Sergeant Sell of the Jefferson County Sheriff's Department, petitioner's vehicle traveled across the eastbound lane and the left side of petitioner's vehicle left the roadway for over 150 feet. He then turned back onto the road, colliding head on with Mr. James L. Fletcher's vehicle. Both petitioner and the driver of the other vehicle, Mr. Fletcher, were transported to Jefferson Memorial Hospital. However, Mr. Fletcher died as a result of the accident. While at the hospital, petitioner advised the investigating officer, Deputy Douglas H. Fletcher, that he had swerved to avoid a deer. Petitioner admitted to the deputy that he had consumed a "couple of beers" at a business called the Tap House. Deputy Fletcher obtained a search warrant for petitioner's medical records at Jefferson Memorial Hospital, which revealed a blood serum result for alcohol of .240%. A four-count indictment was returned against petitioner, charging petitioner with feloniously driving under the influence causing death (Count I), negligent homicide (Count II), failure to maintain control (Count III), and failure to drive on the right side of the highway (Count IV).

1

Following a three-day jury trial, petitioner was found guilty on all counts. By order entered January 31, 2014, petitioner was sentenced to a term of incarceration of not less than two nor more than ten years for driving under the influence causing the death of another and negligent homicide. He was also fined $200 for his convictions for failure to maintain control of a vehicle and failure to drive on the right side of the roadway. Petitioner filed a motion for a new trial or judgment of acquittal, which motion was denied by order entered February 6, 2014. Petitioner appeals from that order.

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000). Based upon our review of the record before this Court, we find that the circuit court did not abuse its discretion in denying petitioner's motion for a new trial or for judgment of acquittal.

On appeal, petitioner asserts six assignments of error: (1) the circuit court erred by failing to grant petitioner's motion for judgment of acquittal as to Counts I and II of the indictment; (2) the circuit court erred by ruling that the State could offer into evidence at trial of the blood alcohol serum result attributed to petitioner; (3) the circuit court erred by failing to award petitioner a new trial where the State failed to notify petitioner prior to the direct examination of witness Laura Piercy, a lab employee, that Ms. Piercy had advised the State that she received only one order for alcohol serum testing on January 22, 2012; (4) the circuit court erred by failing to require the State to make an election as to Count I or Count II of the indictment by permitting the jury to deliberate on both counts and by refusing to give negligent homicide and reckless driving as lesser included offense instructions for Count I; (5) the circuit court erred by granting the State's motion in limine prohibiting petitioner from offering evidence at trial regarding the decedent's cell phone records; and (6) the circuit court erred by refusing to grant petitioner's motions to suppress his statement and medical records.

Petitioner's first assignment of error is that the circuit court erred by denying his motion for judgment of acquittal as to Counts I and II of the indictment. At the close of the State's case-in-chief, petitioner moved for a judgment of acquittal for these counts, but the motion was denied by the circuit court. Petitioner argues that the circuit court erred by concluding that the State had made a prima facie case of reckless disregard for the safety of others. He contends that both the State's expert and his expert testified that petitioner's vehicle appeared to be under control when it left the roadway based on the tire track left in the snow, and neither expert testified that petitioner was traveling at an unsafe speed. He also points to testimony that the area of the accident may be a deer "choke point."[1] Petitioner asserts that the evidence at trial indicated that

---

[1] A deer "choke point" is a natural or man-made feature that causes deer to consolidate in one area, often at the edges of forests or clearings, leading to a natural funnel effect.

petitioner's vehicle was not exceeding the speed limit and was not being driven in an erratic or reckless manner but that petitioner swerved to avoid a deer, causing him to run off the road for approximately two and a half seconds before hitting Mr. Fletcher's vehicle.

"A motion for judgment of acquittal challenges the sufficiency of the evidence." *State v. Houston*, 197 W.Va. 215, 229, 475 S.E.2d 307, 321 (1996) (citing Franklin D. Cleckley, 2 *Handbook on West Virginia Criminal Procedure* 292 (2d ed.1993)). In addition,

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. pt. 3, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *State v. McFarland,* 228 W.Va. 492, 721 S.E.2d 62 (2011); Syl. Pt. 7, *State v. White,* 228 W.Va. 530, 722 S.E.2d 566 (2011). In this case, petitioner has failed to carry that burden. The evidence admitted at trial established that petitioner's blood alcohol content was above the legal limit, petitioner consumed alcohol shortly before the accident, and petitioner swerved off the left side of the road before reentering the roadway where he struck Mr. Fletcher's car, leading to his death. When the evidence is viewed in the light most favorable to the State, we find that the circuit court did not err in denying petitioner's motion for judgment of acquittal or the subsequent motion for a new trial on this ground.

Petitioner next argues that the circuit court erred by ruling that the State could offer into evidence at trial a blood alcohol serum result attributed to petitioner. Petitioner filed a motion in limine/motion to suppress the results of a blood serum test attributed to petitioner based on what he claims was an insufficient chain of custody.[2] He contends that the only documentation provided by the State in advance of the trial regarding the serum blood analysis was a computer printout indicating a blood alcohol serum result of .240%. Petitioner addresses the testimony of several witnesses who essentially stated that paramedic Wendy Bowman drew petitioner's blood, an unknown person labeled vials with petitioner's name, a doctor ordered that the samples be tested, and vials labeled with petitioner's name were tested to obtain the .240% result. Petitioner's expert, Richard McGarry, a forensic toxicologist, testified that he had concerns since Ms. Bowman did not label the specimens when they were collected and that there was no guarantee that the blood identified as petitioner's actually came from petitioner.

---

[2] According to the record, the blood sample tested by the lab was destroyed by the hospital pursuant to their normal procedures.

"A trial court's ruling on a motion in limine is reviewed on appeal for an abuse of discretion." Syl. Pt. 1, *McKenzie v. Carroll Intern. Corp.*, 216 W.Va. 686, 610 S.E.2d 341 (2004). In *State v. Lilly,* 194 W.Va. 595, 600, 461 S.E.2d 101, 106 (1995), this Court explained the two-tier standard of review of a circuit court's ruling on a motion to suppress:

> [W]e first review a circuit court's findings of fact when ruling on a motion to suppress evidence under the clearly erroneous standard. Second, we review *de novo* questions of law and the circuit court's ultimate conclusion as to the constitutionality of the law enforcement action. Under the clearly erroneous standard, a circuit court's decision ordinarily will be affirmed unless it is unsupported by substantial evidence; based on an erroneous interpretation of applicable law; or, in light of the entire record, this Court is left with a firm and definite conviction that a mistake has been made. *See State v. Stuart,* 192 W.Va. 428, 452 S.E.2d 886, 891 (1994). When we review the denial of a motion to suppress, we consider the evidence in the light most favorable to the prosecution.

(Footnotes omitted). In the instant matter, the circuit court held a hearing on petitioner's motion, including considering testimony from a number of witnesses. While the State was unable to produce the nurse who received the blood vials from Ms. Bowman and labeled the same, the circuit court determined that the blood samples tested in the lab were the blood samples taken from petitioner by Ms. Bowman at the scene of the accident. As fully addressed below, Ms. Piercy testified that the blood serum attributed to petitioner was the only one she tested for blood alcohol serum during her shift on January 22, 2012. Based upon the record before this Court, we cannot find that the circuit court abused its discretion or that it was clearly erroneous in finding that the State could present evidence of this blood serum attributed to petitioner to the jury for consideration. This conclusion is bolstered by the fact that petitioner had the opportunity to question witnesses at trial regarding the chain of custody.

In a related assignment of error, petitioner contends that the trial court erred by failing to award petitioner a new trial where the State failed to notify petitioner prior to Ms. Piercy's direct examination that Ms. Piercy had advised the State that she received only one order for alcohol serum testing on January 22, 2012. Petitioner served a subpoena duces tecum on the director of the lab at Jefferson Memorial Hospital requesting all information regarding the testing performed upon the blood specimen attributed to petitioner. As a result, he received a computer printout related specifically to the testing performed on the blood serum attributed to petitioner. During a break during trial, Laura Davis, counsel for Mr. Fletcher's family in the civil litigation related to this accident, inquired of Ms. Piercy and her supervisor about other blood alcohol serum testing performed during Ms. Piercy's shift on January 22, 2012. The lab records were reviewed, and Ms. Davis was informed that only petitioner's blood was tested by Ms. Piercy that evening for blood alcohol serum. Ms. Davis relayed that information to the State, and at the close of Ms. Piercy's direct examination, the State asked her the same question. Petitioner argues that he was entitled to this information prior to Ms. Piercy's testimony and that the State's failure to disclose the same constituted a violation of Rule 16 of the West Virginia Rules of Criminal Procedure. However, petitioner admits that his counsel did not object or move for a mistrial at any point prior to the jury's verdict. In addition, he does not explicitly argue on appeal that the circuit

court's decision to allow the testimony was plain error, instead focusing on the State's alleged failure to disclose this information. Therefore, this Court will focus on the alleged discovery violation.

Rule 16(a)(1)(D) of the West Virginia Rules of Criminal Procedure provides that

[u]pon request of the defendant the state shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, *which are within the possession, custody or control of the state*, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the state, and which are material to the preparation of the defense or are intended for use by the state as evidence in chief at the trial.

(Emphasis added). According to the record before this Court, it does not appear that any records were within the State's possession to support Ms. Piercy's testimony at issue, and no such records were entered into evidence during trial. With regard to another portion of that rule, Rule 16(a)(1)(F), it appears that the State did not violate that rule, as petitioner was aware of Ms. Piercy's identity. Instead, the record shows that the State became aware of the information related to *other* testing performed at the hospital very shortly before Ms. Piercy testified. Petitioner had the opportunity to speak with Ms. Piercy or others from the lab prior to trial as part of the investigation. However, it appears that petitioner failed to exercise that option. Therefore, we find that the circuit court did not abuse its discretion in denying petitioner's motion for new trial on this ground.

Petitioner's fourth assignment of error is that the trial court erred by failing to require the State to make an election as to Count I or Count II of the indictment by permitting the jury to deliberate on both counts and by refusing to give instructions for negligent homicide and reckless driving as lesser included offenses for Count I. Petitioner argues that it is clear he could not have committed the essential elements of DUI causing death (Count I) without first committing the essential elements of negligent homicide (Count II) and reckless driving.[3] Therefore, he claims

---

[3] Petitioner's argument before the circuit court focused on negligent homicide as a lesser included offense of DUI causing death. However, petitioner did submit a jury instruction that included reckless driving as a lesser included offense of DUI causing death. However, petitioner was not charged with reckless driving, and reckless driving includes a finding that a person acted in willful or wanton disregard for the safety of persons or property; this element is not included in the elements of DUI causing death. "This Court has always applied the strict elements test as set forth in syllabus point one of *Louk* to determine whether a lesser included instruction is warranted. *See State v. Noll*, 223 W.Va. 6, 672 S.E.2d 142 (2008)[.]" *State v. Wilkerson*, 230 W.Va. 366, 370-71, 738 S.E.2d 32, 36-37 (2013) (citing *State v. Louk*, 169 W.Va. 24, 285 S.E.2d 432 (1981) overruled on other grounds by *State v. Jenkins*, 191 W.Va. 87, 443 S.E.2d 244 (1994)). "'An offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense.' Syl. Pt. 1, [*Louk* at 24, 285 S.E.2d at 433] . . . ." Syl. Pt. 4, in part, *Wilkerson*, 230 W.Va. at 367, 738 S.E.2d at 33. Therefore, we find that the circuit court did

5

that it was error for the circuit court not to require the State to make an election as to Counts I and II, to deny petitioner's request for lesser included offense instructions for negligent homicide and reckless driving on Count I, and to permit the jury to deliberate on both DUI causing death and negligent homicide.

"'[T]he granting of a motion to force the State to elect rests within the discretion of the trial court, and such decision will not be reversed unless there is a clear abuse of discretion.' Syl. pt. 3, *State v. Walker*, 188 W.Va. 661, 425 S.E.2d 616 (1992)." *State v. Hughes*, 225 W.Va. 218, 225-26, 691 S.E.2d 813, 820-21 (2010). While a defendant has the right to ask for an election, the circuit court need not order the election unless the defendant can make a strong, particularized showing of how he will be prejudiced if the prosecutor does not elect. *Walker* 188 W.Va. at 666, 425 S.E.2d at 621.

> "The question of whether a defendant is entitled to an instruction on a lesser included offense involves a two-part inquiry. The first inquiry is a legal one having to do with whether the lesser offense is by virtue of its legal elements or definition included in the greater offense. The second inquiry is a factual one which involves a determination by the trial court of whether there is evidence which would tend to prove such lesser included offense. *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982)." Syl. Pt. 1, *State v. Jones*, 174 W.Va. 700, 329 S.E.2d 65 (1985).

Syl. Pt. 3, *Wilkerson*, 230 W.Va. at 367, 738 S.E.2d at 33. Following argument on this issue, the circuit court acknowledged it believed that negligent homicide would be a lesser included offense of DUI causing death but went on to state that it thought

> it would be so messy to explain how that would work in a single instruction or even in a single verdict form that, frankly, [the circuit court] believe[d] that . . . in the event that the jury were to find guilt on the greater of Count 1 and guilt on Count 2, then the [c]ourt would be obligated to recognize that Count 2 would be a lesser included offense because it would contain all but missing one additional element that the conviction would then be only for the greater and the lesser included offense would simply not be able to stand. So any penalty phase would proceed on the felony.

Therefore, while the circuit court allowed the jury to consider both charges separately, it imposed sentence based on petitioner's conviction for DUI causing death, essentially ignoring the finding of guilt for negligent homicide for sentencing purposes. Therefore, to the extent the circuit court may have erred in allowing the jury to consider Counts I and II separately, the same is harmless error. *See* Syl. Pt. 2, *State v. Atkins*, 163 W.Va. 502, 261 S.E.2d 55 (1979).

Petitioner's fifth assignment of error is that the circuit court erred by granting the State's motion in limine prohibiting petitioner from offering evidence at trial regarding Mr. Fletcher's

---

not err in refusing to instruct the jury as to the elements of reckless driving as a lesser included offense of DUI causing death.

cell phone records. Petitioner subpoenaed Mr. Fletcher's cell phone records, and the documents provided include both calling and data information. Petitioner argues that the records were both relevant and material to petitioner's defense because the records indicate that Mr. Fletcher was in the process of sending and receiving a volume of data around the time of the accident. As set forth above, we review the circuit court's ruling granting the State's motion in limine for an abuse of discretion. Syl. Pt. 1, *McKenzie*, 216 W.Va. at 687, 610 S.E.2d at 342. Based upon our review of the record before this Court, we find that the circuit court did not abuse its discretion in granting the State's motion in limine relative to Mr. Fletcher's cell phone records. The circuit court found that the cell phone records were not relevant, so they were not admissible. Rule 401 of the West Virginia Rules of Evidence states that evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. In this case, there was no evidence or suggestion that Mr. Fletcher left his proper lane of travel. Instead, it was uncontradicted that petitioner left the roadway on the left side, swerved back onto the roadway, and hit Mr. Fletcher's vehicle in Mr. Fletcher's lane of travel. Thus, whether Mr. Fletcher was using his cell phone for calls or to send and receive data does not make any element of the charged offenses more or less probable than it would be without the evidence.

Petitioner's sixth and final assignment of error is that the circuit court erred by refusing to grant petitioner's motions to suppress his statement and medical records. He contends that Deputy Fletcher testified that when he spoke with petitioner at Jefferson Memorial Hospital, petitioner was getting ready to be transported to another hospital. Petitioner told the deputy that he swerved to miss a deer and that he had consumed a few beers at the Tap House earlier that day. Deputy Fletcher also testified that petitioner was on the gurney, appeared to be coherent, and did not have any difficulty understanding him or responding to his questions. He further testified that when he got close to petitioner, he detected the odor of alcohol. However, he did not attempt to administer any field sobriety tests. Petitioner is critical of the fact that the deputy did not record the statement, was unsure whether he took notes, and did not advise petitioner of his rights. It is well-settled in West Virginia that "[t]he State must prove, at least by a preponderance of the evidence, that confessions or statements of an accused which amount to admissions of part or all of an offense were voluntary before such may be admitted into the evidence of a criminal case." *State v. Blackburn*, 233 W.Va. 362, __, 758 S.E.2d 566, 572 (2014) (quoting *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975)). However, as we previously set forth, "[i]t is clear that the *Miranda* safeguards were never intended to apply to the typical 'on-the-scene' investigation. . . . Thus, the determination of whether a person was subjected to custodial interrogation for purposes of *Miranda* requires a consideration of the totality of the circumstances." *Damron v. Haines*, 223 W.Va. 135, 141, 672 S.E.2d 271, 277 (2008) (citing *Miranda v. Arizona*, 384 U.S. 436 (1966)).

> The factors to be considered by the trial court in making a determination of whether a custodial interrogation environment exists, while not all-inclusive, include: the location and length of questioning; the nature of the questioning as it relates to the suspected offense; the number of police officers present; the use or absence of force or physical restraint by the police officers; the suspect's verbal

and nonverbal responses to the police officers; and the length of time between the questioning and formal arrest.

Syl. Pt. 2, *State v. Middleton*, 220 W.Va. 89, 640 S.E.2d 152 (2006) (overruled on other grounds in *State v. Eibola*, 226 W.Va. 698, 704 S.E.2d 698 (2010)). It appears from the record that petitioner was questioned for a short period of time at the hospital, Deputy Fletcher was the only officer present during the brief questioning, the officer did not exercise physical force or restraint, and petitioner was not arrested for a substantial amount of time after speaking with Deputy Fletcher. Based upon these factors, we find that the circuit court was not clearly erroneous when it denied petitioner's motion to suppress petitioner's statement to Deputy Fletcher.

Petitioner also contends that the search warrant affidavit for petitioner's medical records did not set forth sufficient probable cause upon which the magistrate could have issued a search warrant. He points to one paragraph in that affidavit and asserts that it does not contain any reference to the deputy's belief that petitioner may have been under the influence of an alcoholic beverage. He, therefore, contends that there was no probable cause in the affidavit to justify the issuance of the warrant. Petitioner's limited view of the affidavit ignores the remainder of that document, which evidences the fact that Deputy Fletcher believed, based on his experience dealing with offenses of driving under the influence, there was evidence consistent with driving under the influence causing death on the part of petitioner. Thus, we again find that the circuit court did not abuse its discretion in denying petitioner's motion to suppress his medical records on this ground.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 21, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

8