IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2016 Term

No. 15-0854

**FILED**
**November 14, 2016**
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

DARIUS HENNING,
Defendant Below, Petitioner

Appeal from the Circuit Court of Harrison County
Honorable James A. Matish, Judge
Criminal Action No. 15-F-114

AFFIRMED

Submitted:  October 12, 2016
Filed:  November 14, 2016

Jason T. Gain, Esq.
Gain Law Offices
Bridgeport, West Virginia
Attorney for Petitioner

Patrick Morrisey, Esq.
Attorney General
Nic Dalton, Esq.
Assistant Attorney General
Shannon Frederick Kiser, Esq.
Assistant Attorney General
Charleston, West Virginia
Attorneys for Respondent

JUSTICE LOUGHRY delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.  "'This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*.' Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996)." Syl. Pt. 1, *State v. Noll*, 223 W.Va. 6, 672 S.E.2d 142 (2008).

2.  "[T]he question of whether a jury was properly instructed is a question of law, and the review is *de novo*." Syl. Pt. 1, in part, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996).

3.  "'It is the duty of a court to construe a statute according to its true intent, and give to it such construction as will uphold the law and further justice. It is as well the duty of a court to disregard a construction, though apparently warranted by the literal sense of the words in a statute, when such construction would lead to injustice and absurdity.' Syllabus Point 2, *Click v. Click*, 98 W.Va. 419, 127 S.E. 194 (1925)." Syl. Pt. 2, *Conseco Fin. Servicing Corp. v. Myers*, 211 W.Va. 631, 567 S.E.2d 641 (2002).

4.     "A statute should be so read and applied as to make it accord with the spirit, purposes, and objects of the general system of law of which it is intended to form a part[.]" Syl. Pt. 5, in part, *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908).

5.     "One of the axioms of statutory construction is that a statute will be read in context with the common law unless it clearly appears from the statute that the purpose of the statute was to change the common law." Syl. Pt. 2, *Smith v. W.Va. St. Bd. of Educ.*, 170 W.Va. 593, 295 S.E.2d 680 (1982).

6.     The crime of assault as defined by West Virginia Code § 61-2-9(b) (2014) is a lesser included offense of malicious assault as set forth in West Virginia Code § 61-2-9(a).

LOUGHRY, Justice:

The petitioner and defendant below, Darius Henning, appeals an August 19, 2015, final order of the Circuit Court of Harrison County denying his motion for judgment of acquittal and sentencing him to a term of imprisonment of six months for his conviction of the misdemeanor offense of assault.[1] The petitioner was indicted on one count of malicious assault in May 2015.[2] In this appeal, the petitioner contends that the crime of misdemeanor assault is not a lesser included offense of malicious assault, and, therefore, his conviction must be set aside because he was not charged with the offense for which he was convicted.

This Court has considered the parties' briefs and oral arguments, the submitted record, and pertinent authorities. For the reasons set forth below, we affirm the petitioner's conviction.

---

[1]The court ordered the sentence to be served concurrently with the term of imprisonment the petitioner was then serving for two other separate convictions.

[2]The indictment provided:

> That on or about the 19th day of December 2014, in Harrison County, West Virginia, DARIUS JORDAN HENNING committed the offense of Malicious Assault by unlawfully, intentionally, maliciously and feloniously stabbing, cutting, wounding and causing bodily injury to Skilor Perdue, with the intent to maim, disable, disfigure or kill Skilor Perdue, against the peace and dignity of the State.

1

## I. Factual and Procedural Background

The petitioner's one-day trial occurred on June 29, 2015. The State's primary witness was the victim, Skilor Perdue.[3] On direct examination, Ms. Perdue testified that late in the evening of December 18, 2014, she was driving a car owned by her friend, Cara Carpenter, who was riding in the front passenger seat. According to Ms. Perdue, she and Ms. Carpenter picked up the petitioner to take him to a friend's house. Ms. Perdue and the petitioner had been dating but their relationship had deteriorated.

As Ms. Perdue began to drive, she and the petitioner got into an argument. Ms. Perdue testified that the petitioner threatened to slash the tires on the car if she did not give him the money she had in her bra.[4] As the argument escalated, Ms. Perdue stopped the car and told the petitioner to get out. The petitioner was in the back seat, and in order for him to exit the two-door car, Ms. Perdue had to get out of the car first. She did so, and when the petitioner refused to get out, she reached into the back seat in an attempt to pull him out of the car. Ms. Perdue testified that when she removed her hand, she realized that she had been cut. Ms. Perdue stated that she did not see a knife until after she was injured. At that point,

---

[3]The State's other witnesses included Kristy Davis, the records custodian at United Hospital Center, who presented Ms. Perdue's medical records related to the laceration on her hand; Cara Carpenter, a friend of Ms. Perdue, who was with her when she was injured; and Tasha Cox, the investigating police officer. The petitioner did not testify and did not present any witnesses in his defense.

[4]Ms. Perdue stated that because she and the petitioner had been dating, he knew she kept her money in her bra.

2

the petitioner got out of the car, and she observed that he was holding a knife with a four-inch blade. On cross-examination, however, Ms. Perdue acknowledged she testified at the preliminary hearing that she was cut when she tried to grab the knife. On redirect, Ms. Perdue stated that she was afraid of the petitioner when she testified at the preliminary hearing and maintained she did not see the knife until after she was cut.[5]

Ms. Perdue further testified that after she was injured, she and Ms. Carpenter left the petitioner on the side of the road and went to the hospital. At the hospital, Ms. Perdue told medical personnel that she "cut [herself] with a knife while cleaning up." The laceration was closed with ten stitches. Ms. Perdue said she reported the incident to the police two days later.

Following the close of the evidence, the trial court instructed the jury that it could return one of five verdicts under the indictment: (1) guilty of malicious assault; (2) guilty of unlawful assault; (3) guilty of battery; (4) guilty of assault; and (5) not guilty. Consistent with the statutory definitions of the offenses, which are set forth in West Virginia

_____

[5]Ms. Carpenter testified that she was standing outside of the car when Ms. Perdue was cut, and she did not remember the conversation between Ms. Perdue and the petitioner that evening because she was intoxicated.

Code § 61-2-9 (2014),[6] the jury was instructed on the elements of each crime.[7] The jury

---

[6]The offenses of malicious assault and unlawful assault are set forth in West Virginia Code § 61-2-9(a) as follows:

> (a) If any person maliciously shoot, stab, cut or wound any person, or by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill, he or she shall, except where it is otherwise provided, be guilty of a felony and, upon conviction, shall be punished by confinement in a state correctional facility not less than two nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender is guilty of a felony and, upon conviction, shall either be in a state correctional facility not less than one nor more than five years, or be confined in jail not exceeding twelve months and fined not exceeding $500.

The offenses of assault and battery are set forth West Virginia Code § 61-2-9(b) and (c), respectively:

> (b) **Assault.** – Any person who unlawfully attempts to use physical force capable of causing physical pain or injury to the person of another or unlawfully commits an act that places another in reasonable apprehension of immediately suffering physical pain or injury, he or she is guilty of a misdemeanor and, upon conviction, shall be confined in jail for not more than six months, or fined not more than $100, or both fined and confined.

> (c) **Battery.** – Any person who unlawfully and intentionally makes physical contact with force capable of causing physical pain or injury to the person of another or unlawfully and intentionally causes physical pain or injury to another person, he or she is guilty of a misdemeanor and, upon conviction, shall be confined in jail for not more than twelve months, or fined not more than $500, or both fined and confined.

[7]As set forth in note 6 and discussed more fully *infra*, West Virginia Code § 61-2-9(b) provides two methods of committing an assault. The State did not offer an instruction on the

4

returned a verdict finding the petitioner guilty of assault, thereby acquitting him of malicious assault, unlawful assault, and battery. Subsequently, the petitioner filed a motion for judgment of acquittal contending that assault is not a lesser included offense of malicious assault and, therefore, his conviction must be set aside.[8] The circuit court denied the motion and sentenced the petitioner to six months in the regional jail. This appeal followed.

## II. Standard of Review

Generally, "'[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*.' Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996)." Syl. Pt. 1, *State v. Noll*, 223 W.Va. 6, 672 S.E.2d 142 (2008). In this case, we must determine whether the jury was properly instructed. We have explained that "the question of whether a jury was properly instructed is a question of law, and the review is *de novo*." Syl. Pt. 1, in part, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996). With these standards in mind, we consider the parties' arguments.

attempt method of committing assault whereby a person "unlawfully attempts to use physical force capable of causing pain or injury to the person of another." W.Va. Code § 61-2-9(b). However, the trial court read the statute in its entirety during the general jury charge thereby relating both methods of committing an assault to the jury.

[8]The petitioner also objected to the assault instruction when it was tendered by the State at trial.

### III.  Discussion

In syllabus point one of *State v. Corra*, 223 W.Va 573, 678 S.E.2d 306 (2009), this Court observed:

> No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.

Consequently, "[w]hen a defendant is charged with a crime in an indictment, but the State convicts the defendant of a charge not included in the indictment, then *per se* error has occurred, and the conviction cannot stand and must be reversed." *Id.* at 575-76, 678 S.E.2d at 308-09, syl. pt. 7.  Rule 31(c) of the West Virginia Rules of Criminal Procedure provides, however, that a "defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."  In other words, a defendant may be convicted of a lesser included offense of the specific charge set forth in the indictment without violating the constitutional notice requirement.

Recently, in *State v. Wilkerson*, 230 W.Va. 366, 738 S.E.2d 32 (2013), we explained that, historically, this Court has applied "the strict elements test" to determine whether a lesser included offense instruction is warranted in a particular case.  *Id.* at 371-72, 738 S.E.2d at 36-37.  As first enunciated in syllabus point one of *State v. Louk*, 169 W.Va.

24, 285 S.E.2d 432 (1981), *overruled on other grounds by State v. Jenkins*, 191 W.Va. 87, 443 S.E.2d 244 (1994):

> The test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. An offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense.

Applying the strict elements test in *Wilkerson*, we determined that neither battery nor assault is a lesser included offense of robbery. 230 W.Va. at 367, 738 S.E.2d at 33, syl. pts. 6 and 7.

Relying upon *Wilkerson*, the petitioner contends that the circuit court erred by instructing the jury on the offense of assault.[9] The record shows that the jury was instructed as follows with regard to the offense of assault:

> Before the Defendant, Darius Jordan Henning, can be convicted of Assault, the State of West Virginia must prove to the satisfaction of the jury beyond a reasonable doubt that:
> 1. The defendant, Darius Jordan Henning,
> 2. in Harrison County, West Virginia,
> 3. on or about the 19th day of December, 2014,
> 4. did unlawfully commit an act,
> 5. that placed Skilor Perdue
> 6. in reasonable apprehension of immediately suffering physical pain or injury.[10]

---

[9]The petitioner did not challenge the jury instructions on unlawful assault and battery.

[10]As previously noted, the jury was instructed on the attempt method of committing an assault during the general jury charge. *See* note 7, *supra*.

(Footnote added). As for the offense of malicious assault, the jury was instructed:

> Before the defendant, Darius Henning, can be convicted of Malicious Assault, the State of West Virginia must proved to the satisfaction of the jury beyond a reasonable doubt that:
> 1. The defendant, Darius Jordan Henning,
> 2. in Harrison County, West Virginia,
> 3. on or about the 19th day of December, 2014,
> 4. did unlawfully, feloniously, intentionally and maliciously stab, cut or wound
> 5. Skilor Perdue,
> 6. with the intent to maim, disfigure, disable or kill Skilor Perdue.

The petitioner argues that the absence of the "reasonable apprehension" element from the statutory definition of malicious assault, which is reflected in the jury instructions, establishes that assault is not a lesser included offense. To support his argument, the petitioner relies upon *Wilkerson*, wherein we stated:

> As it is possible to commit robbery in the first degree without force, it is also possible to commit robbery in the first degree without placing a person in fear of injury. For example, in the instance where the victim's back is turned and force is used against him or her unknowingly, robbery in the first degree is accomplished without the victim perceiving the threat of force.

*Id.* at 372, 738 S.E.2d at 38. The petitioner asserts that, like robbery, malicious assault can be committed without placing a person in reasonable apprehension of immediately suffering physical pain or injury. Therefore, because assault requires proof of an element not required to establish the greater offense of malicious assault, i.e., "reasonable apprehension," the petitioner maintains that assault is not a lesser included offense.

8

While acknowledging that the elements of the crimes of malicious assault and misdemeanor assault differ, the State argues that the circuit court properly instructed the jury because this Court has long held that assault and battery are lesser included offenses of malicious assault. Indeed, prior to the 1978 codification of the offenses of assault and battery, this Court held: "A conviction for assault and battery will be sustained under an indictment for violating the provisions of Code 61-2-9 [defining malicious assault and unlawful assault], because of the provisions of Code, 62-3-14." Syl. Pt. 1, *State v. Craft*, 131 W.Va. 195, 47 S.E.2d 681 (1948).[11] West Virginia Code § 62-3-14 (2014), which was enacted in 1923 and has never been amended, provides:

> If a person indicted for a felony be by the jury acquitted of part and convicted of part of the offense charged, he shall be sentenced by the court for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor.

Six years after *Craft* was decided, this Court again held:

> Notwithstanding that the crime of assault and battery is not expressly included in the provisions of Code, 61-2-9, providing for the crimes of malicious [assault] and unlawful [assault], the penalties therefor, and that such crimes shall constitute felonies, a conviction for assault and battery, under the provisions of Code, 62-3-14, may be had in a prosecution for the crime of malicious or unlawful [assault] provided for in Code, 61-2-9.

---

[11]When *Craft* was decided, West Virginia Code 61-2-9 only defined the offenses of malicious assault and unlawful assault. The statute was amended in 1978 to add the common law offenses of assault and battery.

Syl. Pt. 3, *State v. King*, 140 W.Va. 362, 84 S.E.2d 313 (1954).

The State contends that when the legislature codified the offenses of assault and battery and placed them within the framework of West Virginia Code § 61-2-9, it did not alter the common law rule. Rather, the State maintains that the placement of the statutory offenses of assault and battery within West Virginia Code § 61-2-9 evidences legislative intent to set forth differing degrees of punishment depending upon the severity of the form of assault committed. Accordingly, the State reasons that misdemeanor assault is a lesser included offense of malicious assault.

West Virginia Code § 61-2-9 is structured to define the various forms of assault and assign punishment therefor, depending upon the extent the crime was completed, the culpability of the perpetrator, and the degree of harm perceived by the victim. The statutory penalties decrease from malicious assault to unlawful assault to battery to assault.[12] With respect to the crime of assault, which is classified as a misdemeanor, the statute provides that a person can commit the offense in two ways: (1) "attempt[ing] to use physical force capable of causing physical pain or injury" or (2) "unlawfully commit[ting] an act that places another in reasonable apprehension of immediately suffering physical pain or injury." W.Va. Code § 61-2-9(b). When the strict elements test is applied to the various forms of assault set forth

---

[12]*See* note 6, *supra*.

10

in the statute, only assault committed by placing another in reasonable apprehension of suffering physical pain or injury contains an element not required for the greater offenses. The attempt method of committing an assault is unquestionably a lesser included offense pursuant to Rule 31(c) of the West Virginia Rules of Criminal Procedure.[13]

Pursuant to our rules of statutory construction, we cannot read a statute in such a manner so as to create an absurdity. Rather,

> "[i]t is the duty of a court to construe a statute according to its true intent, and give to it such construction as will uphold the law and further justice. It is as well the duty of a court to disregard a construction, though apparently warranted by the literal sense of the words in a statute, when such construction would lead to injustice and absurdity." Syllabus Point 2, *Click v. Click*, 98 W.Va. 419, 127 S.E. 194 (1925).

Syl. Pt. 2, *Conseco Fin. Servicing Corp. v. Myers*, 211 W.Va. 631, 567 S.E.2d 641 (2002). *See also* Syl. Pt. 2, *Newhart v. Pennybacker*, 120 W.Va. 774, 200 S.E. 350 (1938) ("Where a particular construction of a statute would result in an absurdity, some other reasonable construction, which will not produce such absurdity, will be made."). Moreover, "[a] statute should be so read and applied as to make it accord with the spirit, purposes, and objects of

---

[13]As the jury was instructed, a conviction for unlawful assault requires evidence that a person "did unlawfully, feloniously and intentionally, but not maliciously, stab, cut or wound" the person of another. *See* W.Va. Code § 61-2-9(a). A battery is proven by evidence that a person "did unlawfully and intentionally cause physical pain or injury" to the person of another. *See* W.Va. Code § 61-2-9(c). The petitioner does not dispute that unlawful assault and battery are lesser included offenses of malicious assault.

11

the general system of law of which it is intended to form a part[.]" Syl. Pt. 5, in part, *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908).

Our prior cases, like *Wilkerson*, have concerned the propriety of a lesser included offense instruction for distinct crimes defined in separate statutes. In this rare and unique circumstance, we are confronted with essentially one offense that is assigned differing degrees of punishment depending on the extent of its completion. As West Virginia Code § 61-2-9 is written, it is clear that the legislature intended the lesser degrees of assault to be lesser included offenses. Consequently, it would be absurd to construe West Virginia Code § 61-2-9 in such a fashion as to conclude that a misdemeanor assault–when committed by placing a person in reasonable apprehension of immediately suffering physical injury–is not a lesser included offense of malicious assault.

Critically, if we were to find that the offense of assault, when committed by placing another in apprehension of pain or injury, is not a lesser included offense of malicious assault, then an accused could potentially be charged with both offenses for the same act or transaction. Double jeopardy principles, however, would preclude convictions for both offenses. In that regard, "[a] claim that double jeopardy has been violated based on multiple punishments [for the same offense] imposed after a single trial is resolved by determining the legislative intent as to punishment." Syl. Pt. 7, *State v. Gill*, 187 W.Va. 136,

12

416 S.E.2d 253 (1992).[14] By imposing different degrees of punishment depending on the extent to which the assault was completed, the legislature has made it clear that it did not intend to impose multiple punishments for a single act involving one victim when it codified the offenses of assault and battery. Instead, the legislature has created a hierarchy of lesser included offenses in West Virginia Code § 61-2-9 in accordance with the common law.

Other jurisdictions that have been confronted with the situation presented by the case at bar have chosen to expand the definition of lesser included offense. Recognizing that there are instances where application of the statutory elements test precludes an instruction on a lesser-related offense because that lesser offense contains an element not required for the greater offense, the Supreme Court of Tennessee adopted a modified version of the Model Penal Code's[15] approach to defining a lesser included offense in *State v. Burns*, 6 S.W.3d 453 (Tenn. 1999). The approach adopted in *Burns* for defining a lesser included offense "modifies the statutory elements test by creating two exceptions to the requirement that all the statutory elements of a lesser included offense must be included within the statutory elements of the offense charged." *Id.* at 467. Under this approach, "the lesser-

[14]*See, e.g.*, *State ex rel. Games-Neely v. Silver*, 226 W.Va. 11, 16, 697 S.E.2d 47, 52 (2010) (recognizing that whether multiple punishments for same offense run afoul of double jeopardy clause is controlled by legislative intent and concluding first degree arson set forth in W.Va. Code § 61-3-1(a) (2005) and arson resulting in bodily injury defined in W.Va. Code § 61-3-7(b) were "expressly designed to mete out two distinct punishments for the same underlying conduct.").

[15]*See* Model Penal Code § 1.07 (Am. Law Inst. 1985).

13

included offense may contain a statutory element or elements establishing: (1) a different mental state indicating a lesser kind of culpability, and/or (2) a less serious risk of harm to the same person, property or public interest."[16] *Id.; see also People v. Welch*, 268 N.E.2d 242, 245 (Ill. App. Ct. 1971) (recognizing under state statute that included-offense is established by proof of the same or less than all the facts or a less culpable mental state (or both), which is required to establish the commission of the offense charged); *State v. Clark*, 486 A.2d 935, 938 (N.J. Super. Ct. App. Div. 1985) (observing "an offense may be a lesser include offense even though the greater offense could also be proved without it" based on state statute).[17]

Upon review, we find it is unnecessary to adopt an expanded definition of a lesser included offense because this Court long ago determined under the common law that a misdemeanor assault conviction is sustainable under an indictment for malicious assault. "One of the axioms of statutory construction is that a statute will be read in context with the common law unless it clearly appears from the statute that the purpose of the statute was to change the common law." Syl. Pt. 2, *Smith v. W.Va. St. Bd. of Educ.*, 170 W.Va. 593, 295

---

[16]This approach also "includes the inchoate offenses of facilitation, attempt, and solicitation as lesser-included offenses where the evidence in the case would support a conviction for those offenses." *Burns*, 6 S.W.3d at 467.

[17]Pursuant to statutory enactment, several other states utilize the expanded definition of lesser included offense. *See, e.g.,* Ala. Code § 13A-1-9 (LexisNexis 2015); Ark. Code Ann. § 5-1-110(b) (2013); Colo. Rev. Stat. Ann. 18-1-408 (2016); Del. Code Ann. tit. 11, § 206(b) (2015); Ga. Code Ann.§ 16-1-6 (2011); Haw. Rev. Stat. § 701-109(4) (1993).

S.E.2d 680 (1982). There is no indication in West Virginia Code § 61-2-9 of legislative intent to alter the common law rule set forth in syllabus point one of *Craft*[18] and syllabus point three of *King*.[19] To the contrary, by placing the offenses of assault and battery within the framework of West Virginia Code § 61-2-9, it is clear that the legislature intended to import the common law pertaining to the offenses of assault and battery into the statute. Accordingly, we now clarify and hold that the crime of assault as defined by West Virginia Code § 61-2-9(b) is a lesser included offense of malicious assault as set forth in West Virginia Code § 61-2-9(a).

Having found that misdemeanor assault is a lesser included offense of malicious assault, we must now determine whether the evidence submitted at trial supported an instruction on assault. We have held that when a crime is found to be a lesser included offense of the charged crime, a second inquiry, which is factual in nature, is required to determine "whether there is evidence which would tend to prove such lesser included offense." Syl. Pt. 1, in part, of *State v. Jones*, 174 W.Va. 700, 329 S.E.2d 65 (1985). In this case, the record shows that while Ms. Perdue testified she did not know the petitioner had a knife until after she was cut, she also testified that the petitioner threatened to "slash" her tires. Moreover, she acknowledged on cross-examination that she had previously stated she

---

[18]131 W.Va. at 195, 47 S.E.2d at 682.

[19]140 W.Va. at 363, 84 S.E.2d at 314.

15

was cut when she tried to grab the knife from the petitioner.  Given this evidence, we find that a jury instruction on the lesser included offense of assault was warranted.  Based on the testimony, a reasonable jury could conclude that Ms. Perdue was not truthful in her direct testimony and that she did in fact see the knife and attempted to grab it because she was "in reasonable apprehension of immediately suffering pain or physical injury."  W.Va. Code § 61-2-9(b).

## IV.  Conclusion

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Harrison County entered on August 19, 2015, is affirmed.

Affirmed.

16