IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2017 Term

_____

No. 16-0592

_____

FILED

June 14, 2017

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

ZACHARY ELIJAH BLAND,
Defendant Below, Petitioner

_____

Appeal from the Circuit Court of Harrison County
The Honorable James A. Matish, Judge
Criminal Action No. 16-M-AP-3-3

AFFIRMED

_____

Submitted: April 25, 2017
Filed: June 14, 2017

Lorena E. Litten, Esq.                    Patrick Morrisey, Esq.
Assistant Public Defender                 Attorney General
WV Public Defender Corporation            Benjamin F. Yancey, III, Esq.
Fifteenth Judicial Circuit                Assistant Attorney General
Clarksburg, West Virginia                 Charleston, West Virginia
Counsel for the Petitioner                Counsel for the Respondent

JUSTICE WALKER delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*." Syllabus Point 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996).

2. "'Whether facts are sufficient to justify the delivery of a particular instruction is reviewed by this Court under an abuse of discretion standard. In criminal cases where a conviction results, the evidence and any reasonable inferences are considered in the light most favorable to the prosecution.' Syl. Pt. 12, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994)." Syllabus Point 3, *State v. Bradford*, 199 W.Va. 338, 484 S.E.2d 221 (1997).

3. "When a defendant is charged with a crime in an indictment, but the State convicts the defendant of a charge not included in the indictment, then *per se* error has occurred, and the conviction cannot stand and must be reversed." Syllabus Point 7, *State v. Corra*, 223 W.Va. 573, 678 S.E.2d 306 (2009).

4. "'The question of whether a [party] is entitled to an instruction on a lesser included offense involves a two-part inquiry. The first inquiry is a legal one having to do with whether the lesser offense is by virtue of its legal elements or definition

i

included in the greater offense. The second inquiry is a factual one which involves a determination by the trial court of whether there is evidence which would tend to prove such lesser included offense. *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982).' Syl. Pt. 1, *State v. Jones*, 174 W.Va. 700, 329 S.E.2d 65 (1985)." Syllabus Point 3, *State v. Wilkerson*, 230 W.Va. 366, 738 S.E.2d 32 (2013).

5. "The test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. An offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense." Syl. Pt. 1, *State v. Louk*, 169 W.Va. 24, 285 S.E.2d 432 (1981), *overruled on other grounds by State v. Jenkins*, 191 W.Va. 87, 443 S.E.2d 244 (1994). Syllabus Point 4, *State v. Wilkerson*, 230 W.Va. 366, 738 S.E.2d 32 (2013).

6. "'Before a lesser offense can be said to contribute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. If an element necessary to establish the corpus delicti of the lesser offense is irrelevant to the proof of the greater offense, the lesser cannot be held to be a necessarily included offense.' Syl. Pt. 5, *State v. Vance*, 168 W.Va. 666, 285 S.E.2d 437 (1981)." Syllabus Point 5, *State v. Wilkerson*, 230 W.Va. 366, 738 S.E.2d 32 (2013).

7. "The crime of assault as defined by West Virginia Code § 61-2-9(b) (2014) is a lesser included offense of malicious assault as set forth in West Virginia Code § 61-2-9(a)." Syllabus Point 6, *State v. Henning*, 238 W.Va. 193, 793 S.E.2d 843 (2016).

8. The crime of domestic assault as defined by West Virginia Code § 61-2-28(b) (2014) is a lesser included offense of domestic battery as set forth in West Virginia Code § 61-2-28(a).

WALKER, Justice:

Petitioner Zachary Elijah Bland, defendant below ("Petitioner"), appeals the May 18, 2016, order of the Circuit Court of Harrison County affirming his magistrate court conviction of the offense of domestic assault. Petitioner asserts that the magistrate court erred by instructing the jury on the offense of domestic assault when he was charged solely with domestic battery. Upon consideration of the parties' briefs and arguments, the submitted record and pertinent authorities, we affirm the circuit court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner's trial in magistrate court occurred on January 13, 2016. The primary witnesses at trial were Petitioner's wife, Mrs. Bland, Petitioner's stepson, Mr. Wanstreet, and Petitioner. Mrs. Bland testified that on the evening of February 17, 2015, she and Petitioner went to their neighbors' house to visit with friends. After having some drinks, Mrs. Bland got into an argument with Petitioner after she saw him "getting flirtatious with a girl" and, according to Petitioner, Mrs. Bland "hauled off and smacked [him] in the face. . ." Following this argument, the couple left their friends' house to go home. On the way home, Petitioner and Mrs. Bland continued to argue. Shortly after they got home, Mrs. Bland went into the bedroom to go to sleep.

1

At some point that night, Petitioner went into the bedroom to retrieve a pillow, and the couple began arguing again when Petitioner took her pillow. Petitioner testified that when he went back to his chair in the living room, the argument escalated when Mrs. Bland, who had been yelling and screaming at him, followed him to his chair and began smacking him. The testimony varies about the series of events that next occurred. According to Mrs. Bland, Petitioner then picked her up by her shirt over his head, told her he had had enough of her "f'ing sh-t," that she needed to "show him some respect." She alleged that Petitioner then threw her on the couch and hit her in the face.

At the time of this incident, Mrs. Bland's sons (and Petitioner's stepsons), Mr. Wanstreet and Mark Richards, were also in the living room. Mr. Wanstreet testified that when he saw Petitioner hit his mother, he tried to intervene by getting in between them and shoving Petitioner back with his shoulders. Petitioner began shoving Mr. Wanstreet back and at one point during the incident, Petitioner punched Mr. Wanstreet in the mouth and chipped his tooth.

According to trial testimony, the violence then de-escalated for approximately five minutes. However, after Mrs. Bland went into the kitchen, a second incident occurred when, according to Mrs. Bland, Petitioner "picked [her] up. . . slammed [her] against the cabinet . . . and then threw [her] on the floor." Mrs. Bland testified that as Mr. Wanstreet came into the kitchen to ask what was going on, Petitioner asked Mr.

2

Wanstreet "if he wanted some more," after which Petitioner "snatched him up, threw [Mr. Wanstreet] against the sink and tried to throw him on the floor[.]" After that incident subsided, the parties subsequently went into the living room. Mrs. Bland testified that Petitioner then "punched the TV, . . . picked it up and busted it over his knee and then threw it on the floor[.]" At that point, Mr. Wanstreet "picked [his mother] up and carried [her] next door to the neighbors" and called the police.

Following this incident, Petitioner was charged with one count of domestic battery against Mrs. Bland and one count of domestic battery against Mr. Wanstreet. At trial, Petitioner did not dispute that he made physical contact with both Mrs. Bland and Mr. Wanstreet. Rather, he maintained that he was attacked first and in self-defense, had to use force to protect himself. At the close of the evidence, the State submitted proposed jury instructions not only on domestic battery but also on domestic assault as a lesser included offense of domestic battery. Petitioner objected to the State's proposed jury instruction of domestic assault asserting that he was not charged with domestic assault and that the evidence presented by the State did not prove domestic assault. The magistrate court instructed the jury on both domestic battery and domestic assault, as a lesser included offense.[1] Following deliberations, the jury returned a verdict finding

---

[1] The jury was instructed on the offense of domestic assault as follows:

(continued . . .)

3

Petitioner not guilty of committing domestic battery against Mrs. Bland and Mr. Wanstreet, and not guilty of committing domestic assault against Mrs. Bland. However, it convicted Petitioner on the charge of domestic assault against Mr. Wanstreet. In February 2016, Petitioner appealed his conviction to the Circuit Court of Harrison County. The circuit court conducted a hearing in April 2016, and on May 18, 2016, entered an order affirming Petitioner's magistrate court conviction. This appeal followed.

## II. STANDARD OF REVIEW

In this case, we must determine whether the jury was properly instructed. "As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*." Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996). Additionally, "[i]f an objection to a jury instruction is a

---

[B]efore the Defendant, Zachary Elijah Bland, can be convicted of the domestic assault, the State of West Virginia must . . . prove to the satisfaction of the jury beyond a reasonable doubt that the Defendant, Zachary Elijah Bland, . . . on or about the 17th day of February, 2015, did unlawfully attempt to use force capable of causing physical pain or injury against Tony Wanstreet and/or committed an act which placed Tony Wanstreet a [sic] reasonable apprehension of immediately suffering physical pain or injury, and which Tony Wanstreet is a family or household member of the Defendant.

4

challenge to a trial court's statement of the legal standard, this Court will exercise *de novo* review." *State v. Guthrie,* 194 W.Va. 657, 671, 461 S.E.2d 163, 177 (1995). However,

> "[w]hether facts are sufficient to justify the delivery of a particular instruction is reviewed by this Court under an abuse of discretion standard. In criminal cases where a conviction results, the evidence and any reasonable inferences are considered in the light most favorable to the prosecution." Syl. Pt. 12, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994).

Syl. Pt. 3, *State v. Bradford*, 199 W.Va. 338, 484 S.E.2d 221 (1997). With these standards in mind, we consider the parties' arguments.

## III. DISCUSSION

Petitioner alleges that the magistrate court erred by instructing the jury on the offense of domestic assault when he was charged solely with domestic battery. We have held that "[w]hen a defendant is charged with a crime in an indictment, but the State convicts the defendant of a charge not included in the indictment, then *per se* error has occurred, and the conviction cannot stand and must be reversed." Syl. Pt. 7, *State v. Corra*, 223 W.Va. 573, 678 S.E.2d 306 (2009). However, "a defendant may be convicted of a lesser included offense of the specific charge set forth in the indictment without violating the constitutional notice requirement." *State v. Henning*, 238 W.Va. 193, __, 793 S.E.2d 843, 846 (2016). Indeed, the West Virginia Rules of Criminal Procedure provide that a "defendant may be found guilty of an offense necessarily included in the

5

offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense." W.Va. R. Crim. Proc. 31(c).

Petitioner argues that domestic assault is not a lesser-included offense of domestic battery. Generally,

> "[t]he question of whether a [party] is entitled to an instruction on a lesser included offense involves a two-part inquiry. The first inquiry is a legal one having to do with whether the lesser offense is by virtue of its legal elements or definition included in the greater offense. The second inquiry is a factual one which involves a determination by the trial court of whether there is evidence which would tend to prove such lesser included offense. *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982)." Syl. Pt. 1, *State v. Jones*, 174 W.Va. 700, 329 S.E.2d 65 (1985).

Syl. Pt. 3, *State v. Wilkerson*, 230 W.Va. 366, 738 S.E.2d 32 (2013). With respect to the first inquiry, this Court has held:

> "[t]he test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. An offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense." Syl. Pt. 1, *State v. Louk*, 169 W.Va. 24, 285 S.E.2d 432 (1981), *overruled on other grounds by State v. Jenkins*, 191 W.Va. 87, 443 S.E.2d 244 (1994).

*Id.* at Syl. Pt. 4. In other words,

> "Before a lesser offense can be said to contribute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. If an element necessary to establish the corpus delicti of the lesser offense is irrelevant to the proof of

6

the greater offense, the lesser cannot be held to be a necessarily included offense." Syl. Pt. 5, *State v. Vance*, 168 W.Va. 666, 285 S.E.2d 437 (1981).

*Id*. at Syl. Pt. 5.

The offenses of domestic battery and domestic assault are codified in West Virginia Code § 61-2-28 (2014), which provides:

> (a) Domestic battery. - Any person who unlawfully and intentionally makes physical contact force capable of causing physical pain or injury to his . . . family . . . member or unlawfully and intentionally causes physical harm to his . . . family . . . member, is guilty of a misdemeanor[.]

> (b) Domestic assault. - Any person who unlawfully attempts to use force capable of causing physical pain or injury against his . . . family . . . member or unlawfully commits an act that places his . . . family . . . member in reasonable apprehension of immediately suffering physical pain or injury, is guilty of a misdemeanor[.]

Pursuant to the statute, domestic battery can be committed in two ways. First, this offense is committed when a person unlawfully and intentionally "makes physical contact force capable of causing physical pain or injury to his . . . family . . . member." Second, the offense is committed when a person unlawfully and intentionally "causes physical harm to his . . . family . . . member." W.Va. Code § 61-2-28(a).

Likewise, domestic assault can be committed in two ways. First, the offense is committed when a person unlawfully "attempts to use force capable of causing

7

physical pain or injury against his . . . family . . . member." Second, the offense is committed when a person unlawfully "commits an act that places his . . . family . . . member in reasonable apprehension of immediately suffering physical pain or injury." W.Va. Code § 61-2-28(b).

The first form of domestic assault essentially is an attempted domestic battery. Pursuant to West Virginia Code § 61-2-28(a), domestic battery occurs when a defendant "makes physical contact force capable of causing physical pain or injury to his . . . family . . . member." Likewise, under West Virginia Code § 61-2-28(b), domestic assault occurs when a defendant "attempts to use force capable of causing physical pain or injury against his . . . family . . . member."

As set forth above, a "defendant may be found guilty of an offense necessarily included in the offense charged *or of an attempt to commit* either the offense charged or an offense necessarily included therein if the attempt is an offense." W.Va. R. Crim. P. 31(c) (emphasis added); *Henning*, 238 W.Va. at __, 793 S.E.2d at 846. Accordingly, the first method of committing domestic assault is a lesser included offense of domestic battery.

The second form of domestic assault occurs when a defendant places the victim in "reasonable apprehension" of immediately suffering physical pain or injury.

8

W.Va. Code § 61-2-28(b). Petitioner argues that because "reasonable apprehension" is not an element of domestic battery, domestic assault is not a lesser included offense. We recently addressed this same argument in *State v. Henning,* 238 W.Va. 193, 793 S.E.2d 843. In that case, the defendant was charged under West Virginia Code § 61-2-9 with malicious assault but convicted of misdemeanor assault, another offense within the same statute. *Id.* at __, 793 S.E.2d at 846. The defendant argued that the absence of the "reasonable apprehension" element from malicious assault precluded misdemeanor assault from being a lesser included offense. *Id*. at __, 793 S.E.2d at 847.

In *Henning*, we observed that:

West Virginia Code § 61-2-9 is structured to define the various forms of assault and assign punishments therefor, depending upon the extent the crime was completed, the culpability of the perpetrator, and the degree of harm perceived by the victim. The statutory penalties decrease from malicious assault to unlawful assault to battery to assault.

*Id.* at__, 793 S.E.2d at 848. We also noted that "[w]hen the strict elements test is applied to the various forms of assault set forth in the statute, only assault committed by placing another in reasonable apprehension of suffering physical pain or injury contains an element not required for the greater offenses." *Id.*

Upon considering the common law pertaining to assault and battery and our rules of statutory construction which require us to construe statutes to avoid an absurd

9

result, we concluded that "the legislature intended the lesser degrees of assault to be lesser included offenses." *Id*. at __, 793 S.E.2d at 849. Explaining further, we stated:

> if we were to find that the offense of assault, when committed by placing another in apprehension of pain or injury, is not a lesser included offense of malicious assault, then an accused could potentially be charged with both offenses for the same act or transaction. Double jeopardy principles, however, would preclude convictions for both offenses. In that regard, "[a] claim that double jeopardy has been violated based on multiple punishments [for the same offense] imposed after a single trial is resolved by determining the legislative intent as to punishment." Syl. Pt. 7, *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992). By imposing different degrees of punishment depending on the extent to which the assault was completed, the legislature has made it clear that it did not intend to impose multiple punishments for a single act involving one victim when it codified the offenses of assault and battery. Instead, the legislature has created a hierarchy of lesser included offenses in West Virginia Code § 61-2-9 in accordance with the common law.

*Id*. (footnoted omitted). Accordingly, we held in syllabus point 6 of *Henning* that "[t]he crime of assault as defined by West Virginia Code § 61-2-9(b) (2014) is a lesser included offense of malicious assault as set forth in West Virginia Code § 61-2-9(a)." *Id.* at Syl. Pt. 6.

Applying *Henning* to the case at bar, we conclude that like the offenses contained in West Virginia Code § 61-2-9 (2014), the placement of the statutory offenses of domestic assault and domestic battery within West Virginia Code § 61-2-28 evidences legislative intent to set forth differing degrees of punishment depending upon the severity of the form of the crime committed. But for the domestic violence application, the

10

offenses of domestic battery and domestic assault are virtually identical to the offenses of

battery and assault set forth in West Virginia Code § 61-2-9.[2]  In fact, West Virginia

Code § 61-2-28(f) expressly provides that "[a] person charged with a violation of this

section may not also be charged with a violation of subsection (b) [assault] or (c)

[battery], section nine of this article for the same act."[3]  Accordingly, we conclude that

---

[2] West Virginia Code § 61-2-9 (2014), provides, in pertinent part:

> (b) Assault. – Any person who unlawfully attempts to use physical force capable of causing physical pain or injury to the person of another or unlawfully commits an act that places another in reasonable apprehension of immediately suffering physical pain or injury, he or she is guilty of a misdemeanor and, upon conviction, shall be confined in jail for not more than six months, or fined not more than $100, or both fined and confined.

> (c) Battery. – Any person who unlawfully and intentionally makes physical contact with force capable of causing physical pain or injury to the person of another or unlawfully and intentionally causes physical pain or injury to another person, he or she is guilty of a misdemeanor and, upon conviction, shall be confined in jail for not more than twelve months, or fined not more than $500, or both fined and confined.

[3] Furthermore, West Virginia Code § 61-2-9(d) provides:

> (d) Any person convicted of a violation of subsection (b) or (c) of this section who has, in the ten years prior to said conviction, been convicted of a violation of either subsection (b) or (c) of this section where the victim was a current or former spouse, current or former sexual or intimate partner, a person with whom the defendant has a child in common, a person with whom the defendant cohabits or has cohabited, a

(continued . . .)

11

the crime of domestic assault as defined by West Virginia Code § 61-2-28(b) is a lesser included offense of domestic battery as set forth in West Virginia Code § 61-2-28(a).

Having found that domestic assault is a lesser included offense of domestic battery, we must now determine "whether there [was] evidence [at trial] which would tend to prove [the] lesser included offense" of domestic assault. Syl. Pt. 3, *Wilkerson*. First, while the jury heard evidence at trial that Petitioner struck Mr. Wanstreet, it also heard evidence that during the altercation in the kitchen, Petitioner "threw [Mr. Wanstreet] against the sink and *tried to throw him on the floor*[.]" Thus, considering this evidence in the light most favorable to the prosecution, we conclude that the issue of whether a domestic assault was committed by Petitioner attempting, but failing, to throw Mr. Wanstreet on the floor was a question of fact for the jury. Furthermore, there was evidence from which the jury could conclude that Mr. Wanstreet was, at different times, placed in reasonable apprehension of bodily injury. Mrs. Bland testified that Petitioner asked Mr. Wanstreet, "if he wanted more" during the altercation, and subsequently

---

parent or guardian, the defendant's child or ward or a member of the defendant's household at the time of the offense or convicted of a violation of section twenty-eight of this article or has served a period of pretrial diversion for an alleged violation of subsection (b) or (c) of this section or section twenty-eight of this article when the victim has such present or past relationship shall upon conviction be subject to the penalties set forth in section twenty-eight of this article for a second, third or subsequent criminal act of domestic violence offense, as appropriate.

12

punched and broke a television over his knee during a fit of rage. Additionally, Mr. Wanstreet testified that during his efforts to protect his mother from Petitioner, "[he] was in shock and [his] adrenalin was going because of what was going on around [him][.]" Given this evidence, we conclude that the jury instruction on domestic assault was warranted and that the jury was properly instructed on the offense of domestic assault regarding Mr. Wanstreet.

## IV. CONCLUSION

For all these reasons, we affirm the May 18, 2016 order of the Circuit Court of Harrison County affirming Petitioner's conviction for domestic assault.

Affirmed.

13