## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 11-1387** (Greenbrier County 10-F-17)

**Christopher Shane Colin,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Christopher Shane Colin's appeal, filed by counsel Robert L. Dunlap II, arises from the Circuit Court of Greenbrier County, wherein petitioner's motion for reduction of sentence was denied by order entered on March 20, 2012. This order followed petitioner's conviction, by jury, of malicious wounding. The State, by counsel Scott E. Johnson, filed a response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial in January of 2011, petitioner was convicted on one count of malicious wounding and acquitted of one count of robbery. Shortly thereafter, the State filed a recidivist information against petitioner, alleging that petitioner had prior felony convictions for wanton endangerment, delivery of a controlled substance, and possessing a firearm as a felon. A separate jury convicted petitioner as a recidivist offender. At sentencing, the circuit court ordered petitioner to serve life in prison, with the possibility of parole. Petitioner subsequently filed a motion to reduce this sentence, which the circuit court denied. Petitioner's appeal followed.

Petitioner raises six assignments of error. In petitioner's first and third assignments of error, he argues that he received ineffective assistance of trial counsel. Petitioner asserts a number of circumstances in which he alleges his trial counsel was deficient, including the assertion that his trial counsel failed to adequately question some of the jurors who remained on the jury panel. The State responds that arguments concerning ineffective assistance of trial counsel are generally inappropriate on direct appeal. We agree and, therefore, decline to address petitioner's arguments concerning ineffective assistance of counsel. We reiterate the explanation provided in *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995): "[W]e intelligently cannot determine the merits of this ineffective assistance claim without an adequate record giving trial counsel the courtesy of being able to explain his trial actions." *Id.* at 17, 459 S.E.2d at 128. Our decision to decline review of this argument does not foreclose petitioner from developing this issue through a petition for post-conviction habeas corpus relief.

1

Second, petitioner argues that the circuit court erred by adjudicating his trial in a rushed manner. Petitioner asserts that the circuit court judge made remarks that created a "climate of constant rush" during trial. Petitioner argues, for example, that it was improper for the circuit court to state, "[I]t's my hope that we won't get any weather until later today when perhaps we can get this trial finished today." Our review of petitioner's citations to the trial transcript indicates that petitioner's trial counsel made no objections during any of these instances, nor did he raise any issue with these remarks to the circuit court's attention. We have held that trial courts have the inherent authority to manage judicial proceedings. *See* Syl. Pt. 2, *B.F. Specialty Co. v. Charles M. Sledd Co.*, 197 W.Va. 463, 475 S.E.2d 555 (1996). Upon our review of the record, petitioner's assertion fails under plain error analysis. We find no prejudice against petitioner through the circuit court's remarks or in its management of the trial.

Petitioner also asserts that the circuit court's eagerness to finish the trial was illustrated by it prohibiting petitioner to present a motion for acquittal after the State rested its case. Petitioner's trial counsel asked the circuit court, "Would the court like to entertain the traditional motions at this point?" The circuit court responded that it would "reserve that at the appropriate time," and directed petitioner to call his first witness. We find that any error here was harmless. *See* Syl. Pt. 5, *State v. Blair*, 158 W.Va. 647, 214 S.E.2d 330 (1975). Upon our review, we find that the State's evidence was sufficient for the circuit court to move forward with the trial pursuant to Rule 29(a) of the West Virginia Rules of Criminal Procedure.

Petitioner's fourth and fifth arguments concern the jury verdict against him. Petitioner argues that the jury conviction was inconsistent with the evidence presented at trial. He primarily argues that inconsistencies among the witnesses' testimonies do not support his conviction. Under these circumstances, we bear in mind the following: "It is the peculiar and exclusive province of the jury to weigh the evidence and to resolve questions of fact when the testimony is conflicting." Syl. Pt. 3, *Long v. Weirton*, 158 W.Va. 741, 214 S.E.2d 832 (1975). "The weight of evidence, and credibility of witnesses are within the province of the jury, and we cannot substitute our judgment for theirs on matters of fact." *State v. Summerville*, 112 W.Va. 398, 400, 164 S.E. 508, 509 (1932). With regard to our review of evidence, we have held as follows:

> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Our review of the trial transcript reflects that the evidence was sufficient to support petitioner's conviction.

Next, petitioner argues that the verdict was inconsistent with the jury's explicit findings because the jury acquitted petitioner of the robbery charge, yet found that petitioner was guilty of malicious wounding. Petitioner cites no law in support of this argument. Upon our review of the record, we find no reversible error. The elements of robbery and the elements of malicious wounding are different. We have defined robbery as "(1) the unlawful taking and carrying away, (2) of money or goods, (3) from the person of another or in his presence, (4) by force or putting him in fear, (5) with intent to steal the money or goods." *State v. Wilkerson*, 230 W.Va. 366, __, 738 S.E.2d 32, 37 (2013) (quoting Syl. Pt. 1, *State v. Harless*, 168 W.Va. 707, 285 S.E.2d 461 (1981)). Intent to steal is not an element of malicious wounding. *See* W.Va. Code § 61-2-9. Therefore, we find this assignment of error to be without merit.

Lastly, petitioner argues that the circuit court sentenced him to an unjust term of life in prison, with the possibility of parole. He argues that this sentence was unjustly based on the nature of the underlying crimes. In reviewing the denial of a motion for a reduction of sentence, we apply the following standard of review:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996). We find that the circuit court did not abuse its discretion in sentencing petitioner to life in prison, with the possibility of parole, following petitioner's conviction as a recidivist offender under West Virginia Code § 61-11-18. Pursuant to West Virginia Code § 61-11-18, a criminal defendant who has been twice convicted of crimes punishable with sentences in the penitentiary shall be sentenced to life confinement. Petitioner does not dispute his prior convictions and sentences that form the basis of his recidivist offender status. The circuit court committed no error in its original sentencing and, accordingly, did not err in denying petitioner's motion to reduce his original sentence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II