# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**James Wilkerson,**
**Defendant Below, Petitioner**

**FILED**

**November 20, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No.  16-0689** (Ohio County 14-C-161)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Plaintiff Below, Respondent**


## CORRECTED MEMORANDUM DECISION

Petitioner James Wilkerson, by counsel John M. Jurco, appeals the June 15, 2016, order of the Circuit Court of Ohio County that denied his petition for post-conviction habeas corpus relief. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel, Robert L. Hogan, responds in support of the habeas court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 12, 2009, petitioner was indicted on the following five counts: one count of robbery in the first degree for the attempted robbery of thirteen-year-old S.S.[1]; one count of robbery in the first degree for the attempted robbery of thirteen-year-old D.W.; two counts of assault during the commission of, or attempt to commit, a felony; and one count of conspiracy to commit robbery in the first degree. The indictment alleged these acts occurred on the evening of November 14, 2008. The State indicted petitioner's codefendant, Brandon Myers (the "codefendant"), for the same crimes. The codefendant's trial commenced on April 13, 2009. However, prior to a verdict, the codefendant entered an *Alford*[2] plea to two counts of robbery in

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); State v. Brandon B., 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] This Court recognized *Alford* pleas in *Kennedy v. Frazier*, 178 W.Va. 10, 12, 357 S.E.2d 43, 45 (1987) ("An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the

1

the second degree. The trial court sentenced the codefendant to two consecutive terms of five to eighteen years in prison for a net effective sentence of ten to thirty-six years.

Petitioner's two-day trial commenced on April 18, 2011. The evidence adduced at trial included the following: On the evening of November 14, 2008, petitioner, the codefendant, and others were skateboarding in a parking lot across the street from a playground in Wheeling. At that same time, S.S. and D.W. (together "the victims") were walking in the direction of the parking lot. The victims observed the group in the parking lot, crossed the street to avoid them, and began walking through the playground. According to petitioner, the codefendant saw the victims and, without further explanation, asked petitioner to follow him to the playground. Others testified that petitioner asked the group if anyone knew the victims, that the response was "No," and that petitioner then said, "[l]et's get 'em; let's do it."

Petitioner and the codefendant confronted S.S. and D.W. The codefendant asked S.S., "Where's the weed at?" Both victims denied having any "weed." Thereafter, the codefendant asked for money. S.S. told the codefendant they did not have any money. The codefendant became angry, punched S.S., and then hit him several more times. S.S. claimed that petitioner hit D.W. and then began punching him (S.S.). S.S. gave his wallet to the codefendant, but the codefendant continued to kick S.S. and to demand money. D.W. offered his cell phone to petitioner and the codefendant. The police later found the cell phone and S.S.'s wallet on the playground. The codefendant then asked S.S. his age. When S.S. replied, "thirteen," the attack stopped and petitioner and the codefendant fled the scene, leaving the victims unconscious on the ground. S.S. regained consciousness and went to D.W.'s nearby house for help. D.W.'s mother called the police. Thereafter, D.W. arrived at his house. The victims went to the hospital. S.S. had a broken nose that required reconstructive surgery. D.W. suffered a concussion and required stitches in his mouth.

Also at petitioner's trial, the codefendant testified that: (1) he did not intend to rob either victim, but instead sought to collect an unpaid debt; and (2) petitioner did not hit either victim. However, three other eyewitnesses testified that both the codefendant and petitioner struck the victims.

The jury found petitioner guilty of four of the five counts of the indictment: both attempted robbery counts, one of the two assault counts, and the conspiracy count. The trial court sentenced petitioner to forty years in prison on each of the two robbery counts, not less than two nor more than ten years in prison on the assault count, and not less than one nor more than five years in prison on the conspiracy count. The trial court further ordered that the two forty-year sentences run consecutively and the other two sentences run concurrently with the two forty-year sentences. Petitioner's net effective sentence was eighty years in prison.

This Court affirmed petitioner's conviction on direct appeal. *State v. Wilkerson*, 230 W.Va. 366, 738 S.E.2d 32 (2013).

---

crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.").

On April 14, 2014, petitioner filed a pro se habeas petition. The habeas court appointed counsel, who filed an amended petition on August 12, 2015. Petitioner's amended petition asserted the following eleven grounds for relief: (1) consecutive sentence for same transaction/double jeopardy; (2) more severe sentence than expected/excessive sentence/cruel and unusual punishment; (3) ineffective assistance of counsel; (4) incorrect jury instruction; (5) prejudicial statement by the prosecutor/improper communications between the prosecutor and the jury; (6) insufficiency of the evidence; (7) right to a jury trial/composition of jury; (8) failure to hold a preliminary hearing; (9) violation of right to credit for time served; (10) cumulative error; and (11) "equitable consideration."

The habeas court held an omnibus evidentiary hearing on January 20, 2016; neither party presented witnesses, but the court heard oral argument. On June 15, 2016, the habeas court issued an order denying relief.

On July 7, 2016, petitioner filed a pro se Rule 35 motion, out of time, in the underlying criminal case. On July 12, 2016, the circuit court granted petitioner's Rule 35 motion and ordered that petitioner's two forty-year sentences for robbery run concurrently, instead of consecutively as originally ordered, for a net effective sentence of forty years. In the order, the circuit court found that,

> [the codefendant], who is white, was sentenced to five (5) to eighteen (18) years on both counts to run consecutively for an effective sentence of ten (10) to thirty-six (36) years. [The codefendant] is eligible for parole on November 11, 2018. [Petitioner], who is black, is eligible for parole on November 11, 2030. Both [the codefendant] and [petitioner] participated in the offense on a relatively equal basis, although [the codefendant] was the main actor. Both exercised their constitutional right to a trial by jury. The only difference between their cases is that [the codefendant] chose to plead guilty to lesser offenses (without admitting his role in the offenses) prior to verdict while [petitioner] took his trial to verdict. The interests of justice demand that [petitioner's] sentence be more proportionate with the sentence imposed on [the codefendant].[3]

On August 1, 2016, petitioner filed this appeal of the habeas court's denial of relief.

On August 23, 2016, the circuit court issued an amended Rule 35 order clarifying that it had reduced petitioner's sentence due to disparate sentencing based on race. Specifically, the court found that,

> the sentence imposed upon [petitioner] is illegal for the reason that it violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article Ill, Section 10 of the West Virginia Constitution and the

---

[3] The State appealed the July 12, 2016, order (No. 16-0711) reducing the length of petitioner's sentence on the ground that it was unaware of petitioner's Rule 35 motion and had not been given an opportunity to respond to it. On January 25, 2017, the Court dismissed that appeal.

Equal Protection Clause of the Fourteenth Amendment of the United States Constitution for the reason that it is illegal to sentence a black man to twice the sentence of a white man where the white man is the main perpetrator and they each participated in the offense on a nearly equal basis. Such a result offends the basic principles of a civilized society and the basic tenants of the justice system. The interests of justice demand that [petitioner's] sentence be more proportionate with the sentence imposed on [the codefendant].

Petitioner now appeals the habeas court's June 15, 2016, order denying relief.

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Petitioner raises five assignments of error on appeal each of which was fully and accurately addressed by the habeas court. Petitioner first argues that the habeas court erred in finding that petitioner failed to prove that his two robbery convictions violated the prohibition against double jeopardy in the West Virginia and United States Constitutions, and this Court's opinion in *State v. Collins*, 174 W.Va. 767, 329 S.E.2d 839 (1984). The habeas court found that petitioner and the codefendant attempted to rob two different victims; thus, petitioner's conviction for attempting to rob S.S., and his second conviction for attempting to rob D.W., did not violate the double jeopardy clause. The habeas court also found that petitioner's reliance on *Collins* in support of his claim was misplaced because the issue in *Collins* was whether multiple convictions could stand where the property sought to be taken belonged to a single entity. Here, the property belonged to two people, S.S. and D.W.

Petitioner next argues that the underlying robbery sentences were more severe than expected, excessive, cruel and unusual, disparate to that of his codefendant, and violated the equal protection clause and other provisions of the West Virginia and United States Constitutions. As noted above, the circuit court granted petitioner's Rule 35 motion on the ground of racial discrimination and reduced petitioner's sentence by half for his two convictions of *first* degree robbery. As for the codefendant's sentence, he gave up his right to a decision by a jury when he entered his guilty plea to two counts of *second* degree robbery, and received a ten to thirty-six year sentence. Moreover, the codefendant pled guilty to *two* crimes, while a jury convicted petitioner of *four* crimes. As for petitioner's claim that the length of his sentence is otherwise disproportionate or excessive, we concur with the habeas court's finding that petitioner's sentence is within statutory limits and not based on any other impermissible factor. *See* Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). We also find that petitioner's sentence does not subjectively or objectively shock the conscience or offend notions of human dignity. *See* Syl. Pt. 5, *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983). Thus, we find no error.

4

Petitioner's third assignment of error regards the following jury instruction published to the jury at trial:

> Before [petitioner] can be convicted of robbery in the first degree, the State . . . must overcome the presumption that [petitioner] is innocent and prove to the satisfaction of the jury beyond a reasonable doubt that [petitioner] . . . did take or attempt to take from the person or presence of [S.S. and/or D.W.], against his will, United States currency, *weed* or other things of value in the care, custody, control, management or possession of [S.S. and/or D.W.] by committing violence to [S.S. and/or D.W.]with the intent to permanently deprive [S.S. and/or D.W.] thereof.

(Emphasis in original.) Petitioner argues that this instruction does not comport with the law. The petitioner's trial counsel did not object to the instruction and petitioner's appellate counsel did not raise the instruction on appeal. The habeas court noted that "[a] habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syl. Pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 130, 254 S.E.2d 805, 806 (1979). Nevertheless, the habeas court analyzed the instruction in detail, found it to be an accurate statement of the law, and rejected petitioner's claim that his trial counsel was constitutionally ineffective for failing to object to the instruction under *Strickland v. Washington*, 466 U.S. 668 (1984) and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). The habeas court also concluded that if the jury instruction had been modified as petitioner suggests, there was no reasonable probability of a different outcome at trial. Having reviewed the jury instruction in light of the relevant law, the parties' arguments, and the record on appeal, we concur with the habeas court's findings and conclusions and, therefore, find no error.

Petitioner's next assigns error to some of the State's remarks in closing that regarded the codefendant. Specifically, the State encouraged the jury to consider the codefendant's statement—that petitioner did not strike either victim—in the light of the fact that, when the codefendant testified, he had already pled guilty, been sentenced, and could not be prosecuted further. Petitioner claims these comments violated his right to a fair trial. The habeas court found that, because petitioner failed to allege a denial of *any* constitutional right, the remarks were not reviewable in a habeas proceeding. A petitioner seeking habeas corpus relief must allege a denial of a constitutional right. *See* Syl. Pt. 4, *McMannis*. On this record, we find no error.

Petitioner's fifth and final assignment of error is that the jury convicted him of robbery on insufficient evidence and thereby violated his right to a fair trial and due process. The habeas court found that the record contained sufficient evidence from which a jury could find petitioner guilty of robbery beyond a reasonable doubt. Following our thorough review of the record on appeal, we concur and, therefore, find no error.

Having reviewed the circuit court's June 15, 2016, order denying petitioner's amended petition for habeas corpus relief, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the habeas court's order to this memorandum decision.

Accordingly, for the foregoing reasons, we affirm the June 15, 2016, order.

Affirmed.

**ISSUED:**  November 20, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

6