# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0223** (Berkeley County CC-02-2018-F-142)

**Gregory A. Smith, Jr.,**
**Defendant Below, Petitioner**

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gregory A. Smith, Jr., by counsel Bradley J. Wright, appeals the February 14, 2019, order of the Circuit Court of Berkeley County denying petitioner's motion for a new trial. The State of West Virginia, by counsel Mary Beth Niday, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying his motion for a new trial and erred in finding that the evidence presented at trial was sufficient to establish proof beyond a reasonable doubt as to the charge of first-degree robbery.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 11, 2017, petitioner got into an argument with his girlfriend. Petitioner dragged her to an abandoned house, strangled her to the point of unconsciousness, and stole $40 and a cell phone from her. Once she regained consciousness, the victim chased petitioner and demanded that her money and cell phone be returned. Petitioner refused, grabbed the victim, and then sexually assaulted her. The assault was witnessed by a nearby resident who called the police. After the assault occurred, the victim also called the police. Petitioner was identified by the victim and subsequently arrested with the victim's cell phone in his possession.

On May 16, 2018, petitioner was indicted on one count of first-degree robbery, one count of first-degree sexual assault, one count of strangulation, and one count of third-offense domestic battery. Petitioner's trial commenced on August 11, 2018. After the State rested, petitioner moved for a directed verdict. As pertains to this appeal, petitioner asserted that there was no evidence of violence or threat of violence regarding the robbery charge. The State responded that the evidence

1

showed marks on the victim's neck, that her shirt was stretched out, and that her demeanor supported her testimony that petitioner strangled her. The trial court denied the motion for a directed verdict. After deliberation, the jury found petitioner guilty of first-degree robbery, second-degree sexual assault, and third-offense domestic battery. Petitioner was acquitted on the strangulation charge. On February 4, 2019, petitioner's sentencing hearing commenced. At this hearing, the trial court heard arguments on petitioner's motion for a new trial. The trial court denied the motion for a new trial and sentenced petitioner to fifteen years of incarceration for the first-degree robbery conviction, ten-to-twenty-five years of incarceration for the second-degree sexual assault conviction, and one-to-five years of incarceration for the third-offense domestic battery conviction. Petitioner was ordered to serve the first-degree robbery conviction sentence and second-degree sexual assault conviction consecutively. The third-offense domestic battery charge and sexual assault conviction were to run concurrently. The circuit court memorialized petitioner's sentence in its February 14, 2019, order. It is from this order that petitioner appeals.

On appeal, petitioner raises two assignments of error. First, he contends that the evidence presented at trial was insufficient to establish the essential elements of first-degree robbery. The charge of first-degree robbery requires "(1) [c]ommitting violence to the person, including, but not limited to, partial strangulation or suffocation or by striking or beating; or (2) [using] the threat of deadly force by the presenting of a firearm or other deadly weapon[.]" West Virginia Code § 61-2-12 (a).[1] The circuit court instructed the jury as to the common law definition of robbery, that is

> (1) the unlawful taking and carrying away, (2) of money or goods, (3) from the person of another or in his presence, (4) by force or putting him in fear, (5) with intent to steal the money or goods.

Syl. Pt. 1, *State v. Harless*, 168 W. Va. 707, 285 S.E.2d 461 (1981).

Petitioner asserts that because the jury acquitted him of the strangulation charge, the violence element of first-degree robbery was not proven. Petitioner argues that the alleged strangulation was the sole basis for the violence element of the robbery charge and that there was no other evidence or testimony indicating petitioner committed violence to the victim. Petitioner also contends that the forty dollars he allegedly stole from the victim was never recovered. He asserts that the money was not seen after petitioner and the victim went to a drug dealer's house and that the only evidence of the theft was the victim's testimony. Lastly, petitioner argues that the phone he took from the victim belonged to both parties; therefore, there is no evidence he intended to permanently deprive the victim of it. He asserts that the police failed to search the phone to determine the true owner of the device and relied only on the victim's assertion that the phone was hers.

---

[1] "We have previously examined this statute and recognized it 'does not actually define robbery.'" *State v. Wilkerson*, 230 W. Va. 366, 371, 738 S.E.2d 32, 37 (2013) (citing *State v. Harless*, 168 W. Va. 707, 710, 285 S.E.2d 461, 464 (1981); *State ex rel. Vandal v. Adams*, 145 W. Va. 566, 569, 115 S.E.2d 489, 490 (1960)). "Rather, 'the elements of robbery, unaffected by the statute, are derived from the common law[.]' *State v. England*, 180 W. Va. 342, 347, 376 S.E.2d 548, 553 (1988)." *Wilkerson*, 230 W. Va. at 371, 738 S.E.2d at 37." *State v. Henson*, 239 W. Va. 898, 806 S.E.2d 822 (2017).

In reviewing a claim that the evidence at trial was insufficient to convict, this Court has stated that

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Further,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id.* at 663, 461 S.E.2d at 169, syl. pt. 3, in part.

We find that, here, petitioner failed to prove that there was insufficient evidence to sustain his conviction of first-degree robbery. Though petitioner was acquitted of the charge of strangulation, all of the elements of first-degree robbery were satisfied. The victim testified that petitioner grabbed her by the hair, grabbed her neck, and dragged her to an abandoned house where he threw her on the porch. The jury found the victim's testimony to be credible. It is well established that "[c]redibility determinations are for a jury and not an appellate court." *Id.* at 633. Therefore, even absent strangulation, the evidence indicates petitioner committed violence upon the victim before taking her phone and money, thus satisfying the violence element of first-degree robbery.

Petitioner also asserts that there is no evidence that he took forty dollars and a cell phone from the victim. The victim testified that she had forty dollars and a cell phone in her bra the day of the robbery. She stated that petitioner became violent toward her, threw her down, and strangled her. When she regained consciousness, she realized that both her money and cell phone were gone. She then observed petitioner walking down the street with her cell phone. The jury concluded that the victim's testimony was credible. *See id.* Further, petitioner was arrested with the victim's cell

phone in his possession.[2] At the time of his arrest, petitioner stated that he was the sole owner of the device and that the victim had her own cell phone. Petitioner's story changed after he was taken to the police station. While being questioned, petitioner stated that the cell phone was used by both parties but admitted that all of the contacts in the phone were the victim's. Given petitioner's inconsistent statements and the victim's testimony that the phone belonged to her, it was not unreasonable for the jury to determine that the cell phone belonged to the victim and that petitioner took it from her. Accordingly, we find that there was sufficient evidence to uphold petitioner's conviction of first-degree robbery.

Petitioner's second assignment of error is that the circuit court erred in denying his motion for a new trial. Petitioner argues, as above, that there was insufficient evidence to support his conviction of first-degree robbery. He asserts that the violence element of first-degree robbery was not proven since he was acquitted of the strangulation charge. He further argues that there was no evidence he took forty dollars from the victim since the money was not recovered. Petitioner asserts that there was no evidence he intended to permanently deprive the victim of her property because the phone he allegedly stole was joint property. Finally, he alleges that the police did not obtain a search warrant or search the phone to determine the owner of the phone.

We review a circuit court's order denying a motion for a new trial under the following standard:

> As a general proposition, we review a circuit court's rulings on a motion for a new trial under an abuse of discretion standard. *In re State Public Building Asbestos Litigation,* 193 W.Va. 119, 454 S.E.2d 413 (1994). . . . Thus, in reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Tennant v. Marion Health Care Found., Inc.,* 194 W. Va. 97, 104, 459 S.E.2d 374, 381 (1995).

As determined above, petitioner failed to prove that there was insufficient evidence to sustain his conviction of first-degree robbery. As his motion for a new trial was based on the sufficiency of the evidence to sustain his first-degree robbery conviction, we find that the circuit court committed no error in denying petitioner's motion for a new trial.

For the foregoing reasons, we affirm.

Affirmed.

---

[2]The forty dollars was not recovered; however, since petitioner also stole the victim's cell phone, it is irrelevant.

**ISSUED:**   February 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison